**In the Matter of Joseph Thomas WOMMACK, Sr., Debtor.**

**Bankruptcy No. 86–40498.**

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Dec. 9, 1987.

Charles C. Carter, Columbus, Ga., for debtor.

Camille Hope, Macon, Ga., trustee.

Fife M. Whiteside, Columbus, Ga., for Montez Callahan.

Ernest Kirk, II, Columbus, Ga., for General Motors Acceptance Corp.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

On August 25, 1986, Joseph Thomas Wommack, Sr., Debtor, filed a petition for relief under Chapter 13 of the Bankruptcy Code. Debtor submitted a plan which proposes to pay general unsecured creditors an amount equal to six percent of their claims. On October 24, 1986, Camille Hope, Trustee, filed an objection to confirmation of the Chapter 13 plan. Trustee contends that, under state law, Debtor is not entitled to exempt his interest in an annuity that Debtor acquired through a structured settlement.[1]

The Court, having considered the evidence presented and the briefs of counsel, now publishes this memorandum opinion.

### FINDINGS OF FACT

The facts in this case are generally undisputed. Debtor holds a one-half interest in an annuity. The annuity is based upon a structured settlement for the wrongful death of Debtor's minor son. The parties have stipulated that Debtor's interest in the annuity has a present minimum value of $30,000.

The annuity is structured to provide Debtor with monthly income of $500 for a ten-year period.[2] Debtor began receiving payments in September of 1984. Under the terms of the annuity, Debtor is entitled to receive a lump sum payment of $10,000 in August of 1990 and a lump sum payment of $27,500 in August of 1995.[3] The terms of the annuity do not include a spendthrift provision. Debtor is not entitled to cash in

---

1. See 11 U.S.C.A. § 522 (West 1979 & Supp. 1987); O.C.G.A. § 44–13–100 (1982).

2. Debtor holds only a one-half interest in the annuity, therefore he is entitled to receive only $250 per month. The other one-half interest in the annuity is held by Debtor's former wife. Debtor and his former wife have reached an agreement whereby Debtor will receive the total $500 monthly payment for a period of time,

therefore, for purposes of this opinion, the Court will treat Debtor as being entitled to $500 per month.

3. The actual terms of the annuity list payments of $20,000 in August of 1990 and $55,000 in August of 1995. As Debtor holds only a one-half interest in the annuity, however, he is only entitled to receive $10,000 and $27,500, respectively.

the annuity.[4] The terms of the annuity do provide that, in the event of Debtor's death, the beneficiary may elect to receive the commuted value of the annuity.[5] Debtor has claimed the annuity as exempt property pursuant to section 44-13-100(a)(2)(E) of the Code of Georgia.[6]

Debtor was born in 1925 and is in his early retirement years. Debtor suffers from certain health problems which make it difficult for him to obtain full-time employment. He receives monthly income from retirement benefits, the sale of a tract of real estate, the annuity, and part-time employment as a school bus driver. Debtor's total monthly income is approximately $1742. Debtor's Chapter 13 statement lists monthly expenses totalling $951.

Debtor has filed a plan which proposes to pay $551 to the trustee for a period of 52 months. Debtor's Chapter 13 statement lists unsecured claims totaling $17,384. Under Debtor's proposed plan, general unsecured creditors will receive only six percent of their claims.

## CONCLUSIONS OF LAW

Debtor has claimed his one-half interest in an annuity as exempt property pursuant to section 44-13-100(a)(2)(E) of the Code of Georgia, which provides:

(a) [A]ny debtor who is a natural person may exempt ... for purposes of bankruptcy, the following property:

. . . .

(2) The debtor's right to receive:

. . . .

(E) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

O.C.G.A. § 44-13-100(a)(2)(E) (1982). Trustee has filed an objection to this exemption, therefore Trustee bears the burden of proving that the exemption is not properly claimed. R.Bankr.P. 4003(c).

There do not appear to be any reported cases interpreting section 44-13-100(a)(2)(E) in a manner which would provide this Court with guidance. Section 522(d)(10)(E)[7] of the Bankruptcy Code is substantially similar to the Georgia exemption provision, however.[8] Thus, the legislative history of section 522 and cases inter-

---

**4.** The annuity contract provides:

The premium paid will be refunded if this contract is returned to USAA Life Insurance Company or its representative for cancellation within 10 days after it is delivered. The refund will be made within 10 days after the contract is returned.

This contract has no surrender value available to the Owner at any other time.

**5.** The face of the annuity contract contains the following language:

Payments which become due after the death of the annuitant will be made to the beneficiary. Subject to the consent of USAA Life Insurance Company, the beneficiary may elect to receive, in lieu of any remaining income payments, the commuted value thereof discounted on the basis of annual compound interest at the commutation rate.

The "General Provision" section of the annuity contract states:

If income payments become payable to the estate of a deceased beneficiary, then in lieu of such payments, we will pay in a single sum to that estate the commuted value of such payments discounted on the basis of annual compound interest at the commutation rate.

The document entitled "Release of all claims and Agreement" entered into by Debtor in con-

sideration for the annuity, however, contains the following language:

It is further agreed and understood that in the event of the death of *Joseph T. Wommack and Montez Wommack* prior to the final payment to be made in this settlement as scheduled above, the remaining payments shall continue to be paid to the estate of *Joseph T. Wommack and Montez Wommack* as they fall due and not in a lump sum.

**6.** O.C.G.A. § 44-13-100(a)(2)(E) (1982).

**7.** 11 U.S.C.A. § 522(d)(10)(E) (West 1979 & Supp.1987).

**8.** *Compare* 11 U.S.C.A. § 522(d)(10)(E) (West 1979 & Supp.1987) *with* O.C.G.A. § 44-13-100(a)(2)(E) (1982). Section 522(d)(10)(E) allows a debtor to exempt payments under a stock bonus or profitsharing plan. Georgia law does not allow a debtor to exempt payments under these plans. Section 522 also limits a debtor's right to exempt payments under certain circumstances. The Georgia exemption provision contains no comparable limitation. These differences are irrelevant to the Court's analysis of the situation at bar.

preting section 522 may provide some guidance for the Court in its analysis of section 44–13–100.

According to the legislative history of section 522, subsection (d)(10) is designed to allow a debtor to exempt benefits that are akin to future earnings. H.R.Rep. No. 595, 95th Cong., 1st Sess. 362, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6318. The standard used to determine whether a contract provides benefits akin to future earnings is "whether account funds may be used only for the purpose of providing retirement benefits...." *In re Pauquette*, 38 B.R. 170, 173 (Bankr. D.Vt.1984). In applying this standard, courts should consider the strictness of the restraints on withdrawal of funds for present, as opposed to future, needs. *In re Pettit*, 61 B.R. 341, 348, 14 Collier Bankr. Cas.2d 1111, 1118 (Bankr.W.D.Wash.1986); *In re Pauquette*, 38 B.R. at 174.

In the present situation, the funds in question originated from a structured settlement of a wrongful death suit. Trustee contends that this fact alone precludes the annuity from exemption under section 44–13–100(a)(2)(E) because a settlement award is not equivalent to future wages. Although Trustee's position presents an interesting argument, the Court notes that the test for exemptibility focuses on the terms and restrictions governing the administration of the plan or contract, rather than the source of the funds in the account. Under the terms of the annuity, Debtor has no right to withdraw funds beyond the present monthly allotment of $500. Debtor is not entitled to cash in the annuity, nor can Debtor invade the principle in any manner. Therefore, the Court is persuaded that the annuity is more in the nature of future earnings, rather than present savings.

For an annuity to be exempt under section 44–13–100(a)(2)(E), it must have been created on account of illness, disability, death, age, or length of service.[9] Debtor stated in his brief that the annuity was set up in light of his age. Trustee has failed to present any evidence or argument to rebut this statement. The Court notes that Debtor was born in 1925 and is thus in his early retirement years.[10] The Court is persuaded that the annuity was created in consideration of Debtor's age, therefore the Court concludes that the annuity qualifies for exemption under section 44–13–100(a)(2)(E).

In his Chapter 13 statement, Debtor has included the payments from the annuity in calculating his monthly income.[11] Under Debtor's proposed plan, a portion of the annuity payments will be contributed to the plan to be paid to creditors. Since the terms of the annuity do not allow the annuity to be cashed in, it is not presently available for distribution to creditors.[12]

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the objection to confirmation, insofar as the objection is based upon the failure of Joseph Thomas Wommack, Sr., Debtor, to cash in his interest in the annuity with USAA Life Insurance Company, is hereby overruled.

---

**9.** See O.C.G.A. § 44–13–100(a)(2)(E) (1982).

**10.** The Court also notes that Debtor suffers from certain physical ailments that impair to some extent his ability to work.

**11.** The Court notes that Debtor has neglected to list in his Chapter 13 statement the income he receives from his part-time employment and the sale of real estate.

**12.** The Court makes no determination at this time of the proper application of the $10,000 which Debtor is scheduled to receive in August of 1990. The Court does note that Debtor will receive this payment while the plan is still in effect. The Court further notes that under Georgia law, an annuity is only exempt to the extent that it is reasonably necessary for support. The Court finds no need to address this issue in the present opinion.