**In the Matter of William L. WAGGONER, Debtor.**

**William M. Flatau, as Chapter 7 Trustee, Movant,**

v.

**William L. Waggoner, Respondent.**

**Bankruptcy No. 99–30949 RFH.**

United States Bankruptcy Court, M.D. Georgia, Athens Division.

Jan. 25, 2000.

Sandra J. Popson, Macon, GA, for movant.

Barry Gordon Irwin, Athens, GA, for respondent.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

William M. Flatau, as Chapter 7 Trustee, Movant, filed a motion for summary judgment on December 22, 1999. William L. Waggoner, Respondent, filed a response on January 18, 2000. The Court, having considered the record, Movant's Statement of Uncontested Facts, and the arguments of counsel, now publishes this memorandum opinion.

Respondent filed a petition under Chapter 7 of the Bankruptcy Code on August 9,

1999. Movant is the Chapter 7 Trustee of Respondent's bankruptcy estate.

Respondent filed on October 25, 1999 an amended schedule of property claimed as exempt. Respondent, in relevant part, claims as exempt the cash value of two life insurance policies in the total amount of $7,567.16. Movant filed an objection on October 29, 1999.

"The State of Georgia has 'opted out' of the federal exemptions provisions. O.C.G.A. § 44–13–100(b)." *In re Williams,* 197 B.R. 398, 402 (Bankr. M.D.Ga.1996).

The Georgia Code provides, in relevant part, as follows:

**44–13–100. Exemptions for purposes of bankruptcy and intestate insolvent estates.**

(a) In lieu of the exemption provided in Code Section 44–13–1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

. . . .

(8) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract;

O.C.G.A. § 44–13–100(a)(8) (Supp.1999).

■ Movant has the burden of proving that Respondent's exemptions are not properly claimed. Fed.R.Bankr.P. 4003(c).

■ The Court has found no authority that applies or interprets the Georgia Code section at issue. The Georgia Code section at issue is identical to the federal exemption statute, except that the federal exemption is designated subsection (7) and the state exemption is designated subsection (8). *See* 11 U.S.C.A. § 552(d)(7) (West 1993).

This Court has held that the legislative history of the federal exemption statute and cases interpreting it may provide guidance when considering a substantially similar Georgia Code section. *In re Herndon,* 102 B.R. 893, 895 (Bankr.M.D.Ga.1989).

The legislative history of the federal exemption statute provides in relevant part:

[11 U.S.C.A. § 522(d)(7) ] exempts a life insurance contract, other than a credit life insurance contract, owned by the debtor. This paragraph refers to the life insurance contract itself. It does not encompass any other rights under the contract, such as the right to borrow out the loan value. Because of this provision, the trustee may not surrender a life insurance contract, which remains property of the debtor if he chooses the Federal exemptions.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 361, U.S.Code Cong. & Admin.News 1978, p. 5787, 6317.

*Collier on Bankruptcy* states:

■—Unmatured Life Insurance Contract; § 522(d)(7).

. . . .

Under the [Bankruptcy] Code, the debtor in a non-opt-out state who chooses the section 522(d) exemptions is allowed an exemption of any unmatured life insurance contract that he or she owns. . . . [This exemption] . . . refers to the life insurance contract itself and does not encompass any other rights under the contract, such as the right to borrow out the loan value. (An exemption for the loan value is dealt with in paragraph (8).) Because of the exemption under paragraph (7), the trustee may not surrender a life insurance contract that remains property of the debtor if the debtor chooses the exemptions granted by section 522(d).

4 *Collier on Bankruptcy* ¶ 522.09[7] (15th ed. rev.1999).

*See also* 2 Daniel R. Cowans *Bankruptcy Law and Practice* § 8.7 p. 328–29 (7th ed.1998); 2 David G. Epstein, Steve H. Nickles, James J. White *Bankruptcy* § 8–19 (1992).

The Court is persuaded that Georgia Code section 44–13–100(a)(8) allows a debtor to exempt the unmatured life insurance policy itself. This does not permit the debt-

or to exempt the cash value of the life insurance policy. *See Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610, 618 (9th Cir.1988).

Respondent relies upon Georgia Code section 44–13–100(a)(8) for his claimed exemptions. The Court is persuaded that Respondent cannot claim as exempt the cash value of his life insurance policies under section 44–13–100(a)(8).

An order in accordance with this memorandum opinion will be entered this date.

### *ORDER*

In accordance with the memorandum opinion entered this date; it is

ORDERED that the Motion for Summary Judgment filed on the 22nd day of December 1999 by William M. Flatau, as Chapter 7 Trustee, Movant, hereby is granted; and it is further

ORDERED that the Trustee's Objection to Debtor's Amended Claimed Exemptions filed on the 29th day of October 1999 by Movant hereby is sustained.