In re Calvin E. EWELL and Joan T. Ewell, Debtors.

**Bankruptcy No. 89–1736–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 23, 1989.

Jay W. Moreland, New Port Richey, Fla., for debtors.

Buddy Ford, Tampa, Fla., Trustee.

Lynne England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS CLAIMED BY DEBTORS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the Trustee's Objection to Exemptions Claimed by Debtors. The undisputed facts are essentially as follows:

The Debtors filed a voluntary Chapter 7 Petition and claimed an individual retirement account (IRA) in the amount of $15,-127.76 as exempt pursuant to *Fla.Stat.* § 222.21 (1987). The Trustee filed a timely Objection to the Debtors' Claim of Exemption regarding the IRA. The Debtors filed a Response to the Objection and, on July 11, 1989, a hearing was held and arguments were heard.

It is the Trustee's contention first that the funds in the IRA account are properties of the bankruptcy estate; second, that notwithstanding the provisions of Fla.Stat. 222.21, they are not exempt. In opposition, it is the contention of the Debtor that the funds are not properties of the estate because of the exception set forth in § 541(c)(2) of the Bankruptcy Code.

While the Code radically revised the concept of "property of the estate", cf. § 70(a) of the Bankruptcy Act of 1898, and provided the broadest possible extension of the concept [See House and Senate Report (H.R.Rep. No. 95–595–95m Congr. 1st Sess. 367–68 (1977); S.Rep. No. 95–989–95m Cong.2d Sess. 82–83 (1978) ], U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868, 5869, 6323, the scope of the term is not without limitations. For instance, § 541(c)(2) excludes from the debtor's estate properties which are subject to restrictions or transfer of the beneficial interest of the debtor under trust which restriction

is enforceable under applicable non-bankruptcy law, (i.e., the spendthrift exception) to § 541(a) of the Code.

An IRA account authorized by 26 U.S.C. § 408(a) does not have an anti-alienation provision, under the ERISA Plan established pursuant to § 401, et seq., of the Internal Revenue Code, as amended. Thus, an ERISA Plan might appear facially to be the type which will come within the spendthrift exception of § 541(c)(2). Nevertheless, there is no longer any doubt that notwithstanding the "anti-alienation" provision required by the Internal Revenue Code, funds held in ERISA Plan were found to be "properties of the estate" by the majority of courts which considered the applicability of the exception to § 541(a) of the Bankruptcy Code. *In re Goff,* 706 F.2d 574, 10 BCD 986, 8 CBC2d 894 (CA5, 1983) (ERISA qualified pension plans are included as property in the estate since the plans are not spendthrift trusts under state law.). *See* also, *Regan v. Ross,* 691 F.2d 81, 9 BCD 1059, 7 CBC2d 485 (CA2, 1982) (Pension benefits from state employees' retirement system may be used to fund Chapter 13 plan.); *In re Graham,* 726 F.2d 1268, 11 BCD 626, 10 CBC2d 111 (CA8, 1984) (Debtor's interest under ERISA plan is not excluded as property of the estate pursuant to § 541(c)(2)), but see *In re McLean,* 762 F.2d 1204, 13 BCD 367, 12 CBC2d 1431 (CA 4, 1985); *In re Pruitt,* 10 BCD 760, 30 B.R. 330, 8 CBC2d 912 (BC Colo, 1983); *In re Threewitt,* 9 BCD 1225, 24 B.R. 927, 8 CBC2d 890 (DC Kan, 1982) (§ 541(c)); *In re Johnson,* 724 F.2d 1138, 11 BCD 950 (CA5, 1984) (Antialienation provisions in debtor's annuity do not exclude the annuity from property of the estate under § 541(c)(2). (§ 541(c))); *In re Lichstrahl,* 750 F.2d 1488, 12 BCD 1020, 12 CBC2d 211 (CA11, 1985) (Debtor who is the sole director, officer, stockholder and only employee of professional association cannot exclude two ERISA pension plans from property of the estate.) (§ 541(c)).

The courts, rejecting the claim that an ERISA Plan is a spendthrift trust, thus properties held under the Plan are not properties of the estate, considered the

anti-alienation provisions in the ERISA Plans of no consequence. They rather considered the fact that the beneficiary of the Plan not only could borrow against the funds at least to the extent the employee's interest became vested, but also that the beneficiary of the Plan could withdraw his contributions to the Plan in addition to his right to withdraw his vested interest upon termination of the employment. Based on these characteristics of an ERISA Plan, the courts concluded that they do not qualify as spendthrift trust.

■ Those principles which are found to be controlling ERISA accounts are doubly applicable to an IRA account. The funds in an IRA account are funded solely by the taxpayer who has a ready access to the funds on deposit in the IRA account, the taxpayer can withdraw at any time any of the funds on deposit, albeit suffering a penalty for premature withdrawal. Based on the foregoing, it cannot be seriously contended that an IRA account has any resemblance to a traditionally recognized spendthrift trust under which the beneficiary of the trust has no control over the corpus of the trust and in which the beneficiary is not the settlor and the disposition of the corpus is entirely within the discretion of the trustee. From all these, it follows that the funds in the IRA account set up by the Debtors are properties of the estate, thus subject to administration by the trustee, unless the claim of exemption amended by the Debtors can be recognized. This claim is based on a recent change in the exemption laws of this State, § 222.21 Fla.Stat., which governs the right of debtors in this state by virtue of § 522(b)(1) which permits states to opt-out of the specific federal bankruptcy exemptions set forth in § 522(d), which are otherwise available to debtors. This Statute relied on by the Debtors provides as follows:

§ 222.21. Exemption of Pension Money and Retirement or Profit–Sharing Benefits from Legal Processes.

... (2)(a) Except as provided in paragraph (b) [inapplicable herein], any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

The plain language of the Statute indicates that an individual retirement account (IRA) qualifies under § 408 of the Internal Revenue Code. A review of the legislative history of *Fla.Stat.* § 222.11 indicates that the Statute intended to create an additional exemption in Florida. The Florida House of Representatives Committee on the Judiciary noted in its Staff Analysis of the proposed § 222.11 that the law would provide an the exemption from execution, garnishment or attachment of monies placed in an IRA account, except that such monies would be subject to legal process by persons so entitled under an order issued in a domestic relations case. *Florida House of Representatives Committee on Judiciary Staff Analysis, 1987 Sess., Report on 87 SS HB 0808, Florida State Archives, Series 19, Carton 1602 (1987).*

The Florida legislature passed the amendment with the full realization that a person with a large income who deposits substantial amounts in his IRA could do so and shelter these amounts from creditors. Furthermore, there is an absence of any restriction that the funds be necessary to the Debtor for support of himself or of his family. *Florida Senate Staff Analysis and Economic Impact Statement, 1987 Sess., Report on SB 433, Florida State Archives, Series 18 Carton 1627 (1987).* Based upon the foregoing, it is clear that the Florida legislature intended to provide an exemption for IRAs. However, the question still remains whether the federal preemption doctrine applies, therefore, the exemption created by this Statute is unavailable to debtors in this State, notwithstanding the Statute.

The question of the applicability of the federal preemption doctrine was recently considered by the Supreme Court of the United States in the case of *Mackey v. Lanier Collections Agency and Service,*

*Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). In this case, the Supreme Court held that a Georgia statute exempting an "employee welfare benefit plan" from garnishment was preempted by ERISA, therefore, the exemption created by the Georgia Statute could not be enforced. The Court struck down the Georgia statute on the strength of ERISA, § 514(a) which provides:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter [ERISA Title I] and subchapter III of this chapter [ERISA Title IV] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003(a) of this Title and not exempt under § 1003(d) of this Title ... 29 U.S.C.A. § 1144(a) (West 1985)

Section 1002(3) defines "employee benefit plan" as a welfare or pension plan which is established or maintained by an employer or by an employee organization which represents employees. 29 U.S.C.A. § 1002 (West 1985). Even a cursory examination of § 514(a) leaves no doubt that its preemption provision is not applicable to IRA accounts. For instance, an individual who establishes an IRA for himself is not necessarily an employer or an employee organization. In addition, ERISA expressly excludes IRAs from its coverage. 29 U.S.C.A. § 1051(6) (West 1985).

The applicability of the preemption doctrine to IRA accounts was recently considered in the case of *In re Martin,* 102 B.R. 653 (Bankr.E.D.Tenn.1989). There, the bankruptcy court considered whether the debtor could claim his IRA as exempt pursuant to § 26-2-112, Tenn.Code Annot. (1980). The Tennessee statute is identical in material part with *Fla.Stat.* § 222.21. In this case, the court held that an IRA account was exempt under state law and the doctrine of federal preemption which applies to ERISA Plan is not applicable to IRA accounts. In differentiating between ERISA and IRA legislation, the court observed that the congressional purpose in enacting ERISA does not comport with the nature of IRAs in that the purpose of ERISA was to protect the interest of participants in pension plans sponsored by employers. Specifically, the purpose is to require certain minimum standards of funding and plan termination insurance and similar protection for employees. Such protection is not necessary for IRAs as the employer is not involved in an IRA.

IRAs differ in many material respects from ERISA Plans. *In re Martin, supra; Board of Trustees of Cedar Rapids Pediatric Clinic, P.A., Pension Plan v. Continental Assurance Company,* 690 F.Supp. 792, 796 (U.S.D.C.W.D.Ark.1988); *In re Atallah,* 95 B.R. 910, 917 (Bankr.E.D. Pa.1989); *In re Dyke,* 19 B.C.D. 105, 108, 99 B.R. 343 (Bankr.S.D.Tx.1989). They are not required to contain the anti-alienation clauses required under ERISA. As noted earlier, an individual holding an IRA account typically maintains complete and unfettered discretion over the use of those funds. IRAs are more akin to savings accounts than retirement plans. Based upon the numerous distinctions between IRAs and the express intention of Congress to exclude IRAs from ERISA regulation, this Court holds that IRAs established under § 408(a) of the Internal Revenue Code of 1986 are outside of the pre-emptive scope of ERISA. Thus, *Fla.Stat.* § 222.21 is not preempted by ERISA as it relates to IRAs.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Exemptions Claimed by Debtors as it relates to the funds in the Debtors' IRA account be, and the same is hereby, overruled and the funds in the Debtors' IRA account are not subject to administration by the Trustee and the Debtors' claim of exemption is allowed.

DONE AND ORDERED.