**In re Wayne C. HERBERT and Linda A. Herbert, Debtors.**

**Bankruptcy No. B91–13085(B).**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 12, 1992.

Richard A. Baumgart, Cleveland, Ohio, for debtors.

Richard A. Ginley, Cleveland, Ohio, for trustee.

### AMENDED MEMORANDUM OF OPINION AND ORDER[1] AND AMENDED JUDGMENT

RANDOLPH BAXTER, Bankruptcy Judge.

#### I.

The matter before the Court is Richard B. Ginley's (Trustee) objection to Wayne C. and Linda A. Herbert's (Debtors) claim of an exemption. Upon review of the pleadings, arguments of counsel and the record, generally, the following constitutes the Court's findings and conclusions:

#### II.

The Debtors caused their Chapter 7 case to be filed on May 28, 1991. Therein the Debtors claimed an exemption in an Individual Retirement Account (IRA) maintained at National City Bank in the amount of $1,700.00. The exemption was made pursuant to Ohio Revised Code (O.R.C.) Section 2329.66(A)(10). The Trustee, in furtherance of his statutory duties, filed an

1. This Amended Memorandum Of Opinion And Order amends the Memorandum Of Opinion And Order dated February 19, 1992.

objection to said exemption alleging the IRA was not exempt from the Debtor's estate. The Trustee contends the Debtors have not shown that the IRA is reasonably necessary for the support of the person who created the IRA and any of that person's dependents. The Debtors refute the Trustee's assertions regarding the "reasonably necessary for support" test, and further question whether or not the IRA is subject to recovery by the Trustee in view of the Sixth Circuit's recent decision in *In re Lucas*, 924 F.2d 597 (6th Cir.1991). In that case, the Sixth Circuit ruled that ERISA-qualified pension plans are to be excluded from a debtor's bankruptcy estate pursuant to provisions of § 541(c)(2) of the Bankruptcy Code. 11 U.S.C. § 541(c)(2).

### III.

In resolving this matter, the Court must determine whether the Debtor's IRA is a non-exempt asset of the Debtor's estate.

### IV.

■ In *Lucas*, the Sixth Circuit held that the Employment Retirement Income Security Act (ERISA) benefits which are subject to the ERISA'S anti-alienation provision are excluded from the bankruptcy estate under Section 541(c)(2) of the Bankruptcy Code. This Code section upholds, in a bankruptcy case, any restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under nonbankruptcy law. [11 U.S.C. § 541(c)(2) ]. The Sixth Circuit rejected the position of those courts which relied on the legislative history to conclude the "applicable nonbankruptcy law" referred exclusively to state spendthrift trust law. ERISA is nonbankruptcy law. The Sixth Circuit's holding was premised upon the fact that ERISA governed plans which contain anti-assignment and non-alienation clauses which place the funds beyond the reach of a debtor's general creditors. If the ERISA provisions are enforceable against general creditors, they are enforceable against the bankruptcy trustee and therefore excluded from a debtor's estate. *Lucas, supra.*

The anti-assignment and nonalienation ERISA provisions are found at 29 U.S.C. § 1056(d)(1). IRA's are governed by 26 U.S.C. § 408. Nowhere in the statutory provisions governing IRA's is there contained an anti-assignment or non-alienation clause. *See*, 26 U.S.C. § 408. In fact, 29 U.S.C. § 1051, which deals with the "coverage" and "vesting" of ERISA plans provide that this Part, Part 2 of ERISA in which 29 U.S.C. § 1051 and 29 U.S.C. § 1056 are contained, shall not apply to IRA's described in Section 408 of Title 26. This is a specific exclusion. *See*, 29 U.S.C. § 1051(6); *In re Ewell*, 104 B.R. 458, 461 (Bankr.M.D.Fla.1989). Further, ERISA by its terms applies to employee benefit plans. *See*, 29 U.S.C. § 1003(a). An employee benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both." *See*, 29 U.S.C. § 1002(1), (2) and (3). An IRA, however, is defined as a personal, tax deferred, retirement account which an employed person can establish under specified deposit limits for individuals and married couples.[2] Withdrawals may be made from an IRA prior to age 59½ but such withdrawals are subject to a ten percent penalty tax. An IRA is neither established nor maintained by an employer or employee organization. Instead, an IRA is maintained by an individual pursuant to the restrictions contained in 26 U.S.C. § 408.

■ Inasmuch as IRA's are not afforded the same anti-assignment and non-alienation protection as ERISA governed plans, IRA's are not excluded from a Debtor's estate by any federal nonbankruptcy law. *Velis v. Kardanis*, 949 F.2d 78, 82 (3rd Cir.1991). Thusly, the exemptibility of an IRA hinges on whether any state law exists that would exempt an IRA from a Debtor's estate. In Ohio, exemptions are

---

**2.** Dictionary of Finance and Investment Terms, 2d Edit., p. 180, Barron's Financial Guides, 1987.

set forth in O.R.C. 2329.66. The Debtor asserts that the funds are exempt under O.R.C. 2329.66(A)(10) which, in pertinent part provides:

(10)(a) The person's right to a pension, benefit, annuity, or retirement allowance and to accumulated contributions, as exempted by section 145.56, 146.13, 742.47, 3307.71, 3309.66, or 5505.22 of the Revised Code, and the person's right to benefits from the policemen and firemen's death benefit fund.

(b) The person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (A)(10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents....

(c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependents.

Paragraph (a) of O.R.C. 2329.66(A)(10) does not apply to the Debtors in the case at bar. Therefore, the applicability of an IRA exemption under paragraph (b) and (c) of said section will be considered. An IRA is not a pension, annuity, stock bonus or profit sharing plan. Therefore, it must be determined whether an IRA is a "similar plan or contract" in order for it to come within the purview of O.R.C. 2329.66(A)(10)(b). The statutory language in O.R.C. 2329.-66(A)(10)(b) is nearly identical to the corresponding federal exemption contained in Section 522(d)(10)(E) of the Bankruptcy Code. [11 U.S.C. § 522(d)(10)(E) ]. In enacting this section Congress intended to exempt certain benefits that are akin to future earnings of the debtor. These include social security, unemployment com-

pensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance, and benefits under a certain stock bonus, pension, profitsharing, annuity or similar plan..... H.Rep. No. 595, 95th Cong., 1st Sess. 361–62, *reprinted in* 1978 U.S.Code Cong.Admin.News 5787, 5963, 6318. Although IRA's are not mentioned, it is apparent in using the phrase "similar plan", "the legislature did not intend the list of specific programs to be all-inclusive, for the sophistication of retirement plans and programs precludes an exhaustive identification of such arrangements. The phrase "similar plan" must be limited to those plans that closely parallel the characteristics and benefits of the named plans." *Matter of Spandorf,* 115 B.R. 415, 416 (Bankr.D.Conn.1990).

In contrasting a pension or annuity with an IRA, the majority of the courts have found that an IRA is not exempt as a "similar plan" under state statutes similar to Ohio's. These courts note four characteristics which distinguish the pension or annuity plan from an IRA:

(1) an IRA is a savings account with tax benefits and gratuitous contributions by the debtor rather than a plan or policy provided by an employer or other party;

(2) annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum;

(3) the depositor/debtor has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability, and

(4) an IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party.

*In re Spandorf, supra. See, e.g., In re Gillett,* 46 B.R. 642, 643–44 (Bankr.S.D.Fla. 1985); *In re Fichter,* 45 B.R. 534, 537–38 (Bankr.N.D.Ohio 1984); *In re Peeler,* 37 B.R. 517, 518 (Bankr.M.D.Tenn.1984); *In re Innis,* 62 B.R. 659, 660 (Bankr.S.D.Cal. 1986). The language of O.R.C. 2329.-66(A)(10)(b) exempts a person's right to

receive certain payments "on account of" certain enumerated occurrences. The Debtors do not have the right to receive the IRA "on account of" any of the enumerated occurrences in O.R.C. 2329.-66(A)(10)(b). Instead, the IRA is presently and totally accessible to the Debtors. Their only constraint is the imposition of an early withdrawal penalty.

Paragraph (c) of O.R.C. 2329.-66(A)(10), allows the exemption of an IRA only to the extent that such exemption is reasonably necessary for the support of the debtor and any dependents. The reasonably necessity of funds for a debtor's support is a factual determination to be made on a case by case analysis. *In re Kochell,* 732 F.2d 564 (7th Cir.1984).

The factors relevant to determining whether an IRA account is reasonably necessary for support include:

1) Debtor's present and anticipated living expenses;
2) Debtor's present and anticipated income from all sources;
3) Age of the debtor and dependents;
4) Health of the debtor and dependents;
5) Debtor's ability to work and earn a living;
6) Debtor's job skills training and education;
7) Debtor's other assets, including exempt assets;
8) Liquidity of other assets;
9) Debtor's ability to save for retirement;
10) Special needs of the debtor and dependents;
11) Debtor's financial obligations.

*In re Herzog,* 118 B.R. 529, 532 (Bankr. N.D.Ohio 1990); *In re Hotchkiss,* 93 B.R. 546 (Bankr.N.D.Ohio 1988).

In the case at bar, no evidence was introduced relevant to the determination of the IRA being reasonably necessary for the Debtor's support. In fact, at the initial hearing on the objection to the IRA as a claimed exemption, counsel for the Debtors stated that it was not necessary to sched-

ule an evidentiary hearing until this Court made its ruling on the applicability of the Sixth Circuit's decision in *In re Lucas,* 924 F.2d 597 (6th Cir.1991). The Debtor's counsel stated that if this Court found that *Lucas* extends to IRA's, there would be no need for an evidentiary hearing to determine whether the IRA was reasonably necessary for support.

Lastly, the Debtor's IRA consists entirely of contributions made by the Debtors. If the debtor and the beneficiary are viewed as substantially the same entity, the trust is self-settled and will not be a valid trust under the laws of most jurisdictions, including Ohio. As the Supreme Court of Ohio has opined:

> Authorities are unanimous in holding that an owner of property may not create for himself a trust, that will be valid against his creditors. *Sherrow v. Brookover,* 174, Ohio St. 310, 314 (1963).

Based upon the foregoing, this Court concludes that (1) the Sixth Circuit's decision in *Lucas,* excluding ERISA governed plans from estate administration, does not extend to IRA's; (2) an IRA is not a "similar plan or contract" as described in O.R.C. 2329.-66(A)(10)(b); (3) an IRA is a self-settled trust which is not beyond the reach of general creditors under Ohio law; and (4) The Ohio exemption statute (O.R.C. 2329.-66) does not provide a specific exemption for I.R.A's unless the funds are reasonably necessary for support.

Accordingly, an evidentiary hearing is scheduled on the 26th day of March, 1992 at 11:00 A.M. in Courtroom 410, United States Court House, 201 Superior Avenue, N.E., Cleveland, Ohio for the limited purpose of determining whether or not the IRA is reasonably necessary for the Debtor's support.

IT IS SO ORDERED.