**In re Daniel Joseph BRILLEY, Tina Rene Brilley, Debtors.**

**Bankruptcy No. 92–70515.**

United States Bankruptcy Court, C.D. Illinois.

Aug. 18, 1992.

Douglas Scott Lake, Bailey & Lake, Decatur, IL, for debtors.

Vernon H. Houchen, Decatur, IL, trustee.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Debtor may exempt his interest in an Individual Retirement Account (IRA) pursuant to Ill.Rev.Stat. ch. 110, ¶ 12–1006.

The material facts are not in dispute: The Debtor, Daniel Brilley, filed his petition pursuant to Chapter 7 of the Bankruptcy Code on March 5, 1992. In Schedule B of his bankruptcy schedules, the Debtor listed as an asset of the estate $5,936.19 in his 401(k) plan with his former employer, Connor Co. At the § 341 meeting of creditors, the Debtor indicated that he had withdrawn the funds from the 401(k) plan and rolled it over into an IRA account.

In Schedule E of his petition, the Debtor listed unsecured priority claims of $13,-660.95 which consisted of income tax and penalties owing to the Internal Revenue Service for the years 1984–1987. The amount of tax and penalties owing for 1988 through 1990 were listed as "unknown." Similarly, State of Illinois income tax and penalties for the years 1984–1990 were listed as unknown. In Schedule F, the Debtor listed unsecured nonpriority claims of $15,-467.14. At least half of these claims are for debts incurred prior to August 30, 1989.

The Debtor has claimed his interest in his retirement funds to be exempt under Ill. Rev.Stat. ch. 110, ¶ 12–1006. The effective date of this amendment to the Illinois personal property exemptions was August 30, 1989. The Trustee has objected to the claimed exemption on the following grounds:

1. ¶ 12–1006 unconstitutionally impairs contracts entered into before the effective date of the statute; and

2. ¶ 12–1006 is unconstitutional because it attempts to define spendthrift in an impermissible manner.

Before addressing the exemption question, the Court must first determine whether the Debtor's IRA is property of the estate. 11 U.S.C. § 541(c)(2) provides as follows:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The United States Supreme Court recently ruled that a Chapter 7 debtor's interest in an ERISA—qualified retirement plan was excluded from the bankruptcy estate under § 541(c)(2). *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The Court rejected the position of those courts which relied on the legislative history to conclude that "applicable nonbankruptcy law" referred exclusively to state spendthrift trust law. The Court found that § 541(c)(2) encompasses any relevant nonbankruptcy law, including federal law such as ERISA. The Court premised its holding on the fact that ERISA plans contain anti-assignment and nonalienation clauses which place the funds beyond the reach of the debtor's general creditors.

IRA's are not governed by ERISA. The differences between an IRA and an ERISA plan are set forth in *In re Herbert*, 140 B.R. 174, 176 (Bankr.N.D.Ohio 1992):

The anti-assignment and nonalienation ERISA provisions are found at 29 U.S.C. § 1056(d)(1). IRA's are governed by 26 U.S.C. § 408. Nowhere in the statutory provisions governing IRA's is there contained an anti-assignment or nonalienation clause. *See*, 26 U.S.C. § 408. In fact, 29 U.S.C. § 1051, which deals with the "coverage" and "vesting" of ERISA plans provide that this Part, Part 2 of ERISA in which 29 U.S.C. § 1051 and 29 U.S.C. § 1056 are contained, shall not apply to IRA's described in Section 408 of Title 26. This is a specific exclusion. *See*, 29 U.S.C. § 1051(6); *In re Ewell*, 104 B.R. 458, 461 (Bankr.M.D.Fla.1989). Further, ERISA by its terms applies to employee benefit plans. *See* 29 U.S.C. § 1003(a). An employee benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both." *See* 29 U.S.C. § 1002(1), (2) and (3). An IRA, however, is defined as a personal, tax deferred, retirement account which an employed person can es-

tablish under specified deposit limits for individuals and married couples. Withdrawals may be made from an IRA prior to age 59½ but such withdrawals are subject to a ten percent penalty tax. An IRA is neither established nor maintained by an employer or employee organization. Instead, an IRA is maintained by an individual pursuant to the restrictions contained in 26 U.S.C. § 408. (footnote omitted)

Since IRA's do not contain the same anti-assignation and nonalienation protection as ERISA plans, they are not excluded from a debtor's estate by any federal nonbankruptcy law. *Velis v. Kardanis,* 949 F.2d 78, 82 (3rd Cir.1991); *In re Herbert,* 140 B.R. at 176. The question then becomes whether IRA's are excluded by state law. Clearly, an IRA is not a true spendthrift trust. In a true spendthrift trust, the settlor of the trust cannot establish the trust for his own benefit. Moreover, the beneficiary of a true spendthrift trust cannot alienate his interest in the trust or exercise dominion and control over the distribution or termination of the trust. *In re Silldorf,* 96 B.R. 859, 864 (C.D.Ill. 1989). An IRA is established by an individual for his own benefit, and the individual possesses exclusive and effective control over the distribution or termination of the IRA.

In response to the myriad bankruptcy decisions finding IRA's and other pension plans not to be true spendthrift trusts, the Illinois legislature, with the help of the Illinois medical community, adopted Ill.Rev. Stat. ch. 110, ¶ 12–1006, which provides in pertinent part:

> (c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

Judge Altenberger has previously found this provision to be invalid under the Supremacy Clause of the United States Constitution to the extent that it excludes from the bankruptcy estate a pension plan which is not a true spendthrift trust under Illinois law. *In re Wimmer,* 121 B.R. 539, 543 (Bankr.C.D.Ill.1990). This Court agrees with Judge Altenberger's conclusion that ¶ 12–1006(c) is a clear misuse of a conclusive presumption. In the colorful words of Judge Altenberger, "Illinois has sought to make, by means of a conclusive presumption, a goose into a duck, despite the fact that it does not walk, sound or look much like a duck." 121 B.R. at 543. Since an IRA does not contain the requisite characteristics of a spendthrift trust, the Illinois legislature may not employ a conclusive presumption to make it one.

Based on the foregoing, the Court finds that an IRA does not contain the necessary anti-assignation or nonalienation provisions which would exclude it from property of the estate under § 541(c)(2).

The next question is whether the Debtor may exempt his IRA. Ill.Rev.Stat. ch. 110, ¶ 12–1006(a) provides as follows:

> A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

Subsection (b)(3) specifically defines "retirement plan" as including an individual retirement account.

The Trustee maintains that ¶ 12–1006 is unconstitutional because it impairs contracts entered into before the August 30, 1989, effective date of the statute. *See,* U.S. Const. Art. I, § 10, cl. 4 ("No State shall ... pass any ... Law impairing the Obligation of Contracts ..."). According to a leading treatise on constitutional law,

a three-part test is employed to determine whether retroactive state legislation that affects contracts is unconstitutional:

> In determining whether a state law affecting an individual's ability to carry out obligations under contract is an improper impairment of contract, the court must go through a three step analytical process. First, the court must ask whether the state law has "operated as a substantial impairment of a contractual relationship." ...
>
> If a state law does constitute a substantial impairment of rights and obligations in private contracts, the court, in the second step of its inquiry, must ask whether the state law is designed to promote a significant and legitimate public purpose....
>
> In the third step of the inquiry, the court must determine whether the law adjusting the contract obligations and rights was a reasonable and narrowly tailored means of promoting the significant public purpose identified in step two of the inquiry rather than an unjustifiable attempt to merely change the obligation of parties to a private contract.

J. Nowak and R. Rotunda, *Hornbook on Constitutional Law*, § 11.8 at 405–06 (4th ed. 1991).

The Tenth Circuit recently used this three-part test to find that a newly created Oklahoma exemption for IRA's did not violate the Contracts Clause. *In re Walker*, 959 F.2d 894 (10th Cir.1992). The Court did not address the substantial impairment question because it found that any impairment was a justifiable exercise of the state's inherent police power. 959 F.2d at 899. The Court cited the significant and legitimate purpose of providing for bankrupt families, and deferred to the state legislature's judgment as to the necessity and reasonableness of the exemption statute. 959 F.2d at 899. The Court concluded that the Oklahoma exemption for IRA's represented a rational policy choice in favor of debtor retirement funds. 959 F.2d at 900. In reaching this conclusion, the Tenth Circuit specifically rejected the analysis of *In re Garrison*, 108 B.R. 760 (Bankr.

N.D.Okla.1989), a case relied on by the Trustee.

Although the Tenth Circuit's opinion is not binding on this Court and the Court is sympathetic to the Trustee's position, the Court is constrained to rule in favor of the Debtor's position. The United States Supreme Court has recently indicated its support for the protection of pension benefits. *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119·L.Ed.2d 519 (1992). Legislation is now pending in Congress which will add further protection for retirement plans. Moreover, the Seventh Circuit has determined that the provision in ¶ 12–1006 which states that the statute applies to cases "pending on" the statute's effective date, Ill.Rev.Stat. ch. 110, ¶ 12–1006(d), does not violate due process because it does not result in manifest injustice. *Reliance Insurance Co. v. Zeigler*, 938 F.2d 781 (7th Cir.1991). In light of the strong public policy favoring the protection of retirement plans and the Seventh Circuit's holding that the application of the statute to cases pending on the effective date of the statute does not constitute manifest injustice, the Court concludes that ¶ 12–1006 does not unconstitutionally impair contracts.

For the foregoing reasons, the Trustee's objection to the Debtor's claimed exemption in his IRA account is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.