**In re Kenneth A. SELTZER dba Signs Now, Sharon Seltzer, Debtors.**

**Kenneth A. SELTZER dba Signs Now, Sharon Seltzer, Debtors– Appellees,**

**v.**

**Robert COCHRANE, Trustee–Appellant.**

No. 95–16102.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 1996 *.

Decided Dec. 23, 1996.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Bob L. Olson, Edwards & Kolesar, Las Vegas, Nevada, for trustee–appellant.

Lenard Schwartzer, Hale, Lane, Peek, Dennison & Howard, Las Vegas, Nevada, for debtors–appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and RHOADES, District Judge [**].

SKOPIL, Circuit Judge:

We must decide whether the retroactive application of a Nevada statute allowing debtors to exempt Individual Retirement Accounts from bankruptcy violates the Contract Clause of the United States Constitution. Both the bankruptcy court and the district court concluded that although the statute impaired private contract rights, the impairment was justified to achieve a valid public purpose. We agree and affirm.

## I.

Kenneth and Sharon Seltzer (debtors) filed a Chapter 7 bankruptcy petition in December 1992, listing debts exceeding $600,000. Relying on Nev.Rev.Stat. § 21.090.1(q), debtors sought to exempt IRAs valued at $28,300 from their bankruptcy estate. The Nevada statute provides that effective October 1, 1991, debtors may exempt "[m]oney, not to exceed $100,000 in present value, held in ... [a]n individual retirement arrangement." Nev.Rev.Stat. § 21.090.1(q) (Michie Supp. 1995).

The trustee timely objected, contending that debtors' reliance on a statute enacted after the debts were incurred violated the Contract Clause because debtors were allowed to shelter assets in a way not contemplated by the parties at the time they executed their contracts. The bankruptcy court agreed with the trustee that the state law impaired the contract rights of creditors, but held that the trustee failed to show that the state law was unnecessary or unreasonable. The district court affirmed the bankruptcy court, ruling that "Nevada has a significant and legitimate public purpose for its statute." Our review is de novo. *Nevada Employees Ass'n v. Keating*, 903 F.2d 1223, 1226 (9th Cir.), *cert. denied*, 498 U.S. 999, 111 S.Ct. 558, 112 L.Ed.2d 565 (1990).

## II.

The Contract Clause of the Federal Constitution provides that "[n]o state shall ... pass any ... Law impairing the Obligation of Contracts." U.S. Const. art. 1, § 10, cl. 1. Although the language is broad and far-reaching, the Supreme Court has narrowly construed the clause because "literalism in the construction of the [C]ontract [C]lause ... would make it destructive of the public interest by depriving the State of its prerogative of self-protection." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 240, 98 S.Ct. 2716, 2720, 57 L.Ed.2d 727 (1978) (internal quotation omitted). Thus, "[t]he Contract Clause does not deprive the States of their 'broad power to adopt general regulatory measures without being concerned that private contracts will be impaired, or even destroyed, as a result.'" *Exxon Corp. v. Eagerton*, 462 U.S. 176, 190, 103 S.Ct. 2296, 2305, 76 L.Ed.2d 497 (1983) (quoting *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22, 97 S.Ct. 1505, 1517, 52 L.Ed.2d 92 (1977)).

[**] The Honorable John S. Rhoades, United States District Judge for the Southern District of California sitting by designation.

■ The Supreme Court has directed that we apply a sequential analysis to determine whether state law violates the Contract Clause. *See Energy Reserves Group, Inc. v. Kansas Power & Light Co.,* 459 U.S. 400, 411–12, 103 S.Ct. 697, 704–05, 74 L.Ed.2d 569 (1983). Our first task is to determine "'whether the state law has, in fact, operated as a substantial impairment of a contractual relationship.'" *Id.* at 411, 103 S.Ct. at 704 (quoting *Allied Structural Steel,* 438 U.S. at 244, 98 S.Ct. at 2722). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *General Motors Corp. v. Romein,* 503 U.S. 181, 186, 112 S.Ct. 1105, 1109, 117 L.Ed.2d 328 (1992). The bankruptcy court applied these tests and concluded that there was a contractual relationship impaired by the change of state law. Both the bankruptcy court and the district court concluded that the impairment was substantial. That conclusion is not at issue in this appeal.

■ When a state statute substantially impairs a private contract, we must next determine whether the impairment is both reasonable and necessary to fulfill an important public purpose. *See Energy Reserves,* 459 U.S. at 411–12, 103 S.Ct. at 704–05. The parties dispute who bears the burden on this issue. We conclude that the bankruptcy and district courts properly required the trustee, as the objecting party, to carry the burden. *See Northwestern Nat'l Life Ins. Co. v. Tahoe Regional Planning Agency,* 632 F.2d 104, 106 (9th Cir.1980) ("the challenger must demonstrate that legitimate governmental interests do not justify the impairment"). The burden is placed on the party asserting the benefit of the statute only when that party is the state. *See Keating,* 903 F.2d at 1228 (requiring state to prove that legislation impairing public contract is necessary to achieve a valid public purpose); *National Collegiate Athletic Ass'n v. Miller,* 795 F.Supp. 1476, 1487 (D.Nev.1992) (same), *aff'd on other grounds,* 10 F.3d 633 (9th Cir.1993), *cert. denied,* 511 U.S. 1033, 114 S.Ct. 1543, 128 L.Ed.2d 195 (1994).

■ We conclude that the trustee failed to meet the burden of demonstrating that retroactive application of Nevada's statute does not serve a valid public purpose. The trustee relies on several of our decisions invalidating retroactive application of state exemption statutes. *See In re LaFortune,* 652 F.2d 842, 848 (9th Cir.1981) (state law permitting homestead exemption without prior filing or recording); *In re Bassin,* 637 F.2d 668, 670 (9th Cir.1980) (state law increasing the homestead exemption from $20,000 to $30,000); *England v. Sanderson,* 236 F.2d 641, 643 (9th Cir.1956) (state law increasing homestead exemption from $7500 to $12,500). The district court correctly noted, however, that these cases were decided before *Energy Reserves,* and thus did not give appropriate deference to legislative judgments. The Supreme Court in *Energy Reserves* instructed that "[u]nless the State itself is a contracting party ... courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Energy Reserves,* 459 U.S. at 412–13, 103 S.Ct. at 705 (internal quotation and citation omitted). We have specifically recognized the shift in the law created by *Energy Reserves. Keating,* 903 F.2d at 1226. "The Court [in *Energy Reserves* ] retreated from its [prior case law]," and has "indicated a renewed willingness to defer to the decisions of state legislatures regarding the impairment of private contracts." *Id.*

The legislative history of Nev.Rev.Stat. § 21.090.1(q) shows that the legislature was concerned that without the exemption, "the state would eventually have to move in and take care of people left destitute by attachment to their retirement plans." Senator Adler, Nev. Assembly Comm. on Judiciary Minutes of 1991, April 3, at 6 (1991). That concern has caused many states recently to update their exemptions statutes to shelter retirement assets from debt collection. *See In re Harless,* 187 B.R. 719, 729–31 (Bankr. N.D.Ala.1995) (reviewing state laws). Courts have concluded that strong public policy favors the protection of retirement plans, and accordingly, have held that state pension exemption statutes do not unconstitutionally impair contracts. *See In re Walker,* 959 F.2d

894, 900 (10th Cir.1992); *In re Brilley,* 148 B.R. 39, 42 (Bankr.C.D.Ill.1992).

The trustee has also failed to demonstrate that Nevada's statute is unreasonable. The trustee relies on several bankruptcy court decisions invalidating similar state IRA exemptions statutes. In *In re Garrison,* 108 B.R. 760, 768 (Bankr.N.D.Okla.1989), the court held that a state statute was unreasonable due to its overbreadth and its lack of limitation on the amount exempted. Similarly, the bankruptcy court in *In re Garvin,* 129 B.R. 598, 602–04 (Bankr.S.D.Ind.1991), adopted the reasoning of *Garrison* and invalidated an Indiana statute providing for a broad pension exemption.

These bankruptcy court decisions do not compel reversal in this case. First, unlike the statutes at issue in *Garrison* and *Garvin,* the Nevada statute contains a ceiling on the amount that can be exempted. The bankruptcy judge here correctly reasoned that this ceiling distinguishes *Garrison* and demonstrates that the statute is reasonable in its breadth. Second, *Garrison* was soundly repudiated by the Tenth Circuit in *Walker,* 959 F.2d at 899–900. The circuit court reasoned that *Garrison* failed to give adequate deference to the legislature and improperly substituted its judgment for that of the Oklahoma legislature. *Id.* at 900. The court ruled that "no reason exists to declare the exemption statute an unconstitutional impairment of contract." *Id.*

Finally, we reject the trustee's argument that Nevada's law is unreasonable because it relies on a federal statute, 26 U.S.C. § 408, to define the type of retirement account that may be exempted. The trustee contends that this reliance constitutes an impermissible delegation of control of the exemption to Congress. In *Walker,* the Tenth Circuit considered and rejected this same argument, commenting that the contention "seems peculiar when considering that Oklahoma's authority to legislate bankruptcy exemptions flows from that very [C]ongress." *Walker,* 959 F.2d at 899. We agree with *Walker.* The state's reliance on a federal definition does not make its legislation unreasonable.

**III.**

We conclude that retroactive application of the Nevada statute serves a valid public purpose and is a reasonable exercise of the state's power. We affirm the district court's ruling that retroactive application of Nevada's IRA exemption statute, Nev.Rev.Stat. § 21.090.1(q), does not violate the Contract Clause of the Federal Constitution.

**AFFIRMED.**