In re Virginia Ann MEEHAN, Debtor.

A. Stephenson WALLACE,
Chapter 7 Trustee,

v.

Virginia Ann MEEHAN.

Bankruptcy No. 93–10463.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Dec. 27, 1993.

Jay M. Sawilowsky, Augusta, GA, for debtor.

A. Stephenson Wallace, Augusta, GA, for trustee.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

The Chapter 7 trustee in the above captioned case objects to debtor's claimed exemption of an Individual Retirement Account ("IRA") on the ground that the IRA is property of the estate and not entitled to be exempted under the Georgia scheme of exemptions set out in the Official Code of Georgia Annotated ("O.C.G.A.") § 44–13–100.[1] Debtor argues that the IRA is excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2) or alternatively, is exempted from the estate. Debtor also contends that 75% of the IRA funded by contributions from her husband are excluded from the estate under 11 U.S.C. § 541(d). Having heard the evidence presented, considered the arguments and briefs of counsel, and consulted applicable authorities, I enter the following order sustaining the trustee's objection.

### Facts

The debtor Virginia Ann Meehan is 63 years old and married. Debtor has a bache-

---

**1.** Georgia has opted out of the exemptions available under federal law and has established its own set of exemptions available in bankruptcy to individual debtors domiciled in Georgia. 11 U.S.C. § 522(b)(1); O.C.G.A. § 44–13–100(b).

lor's degree in psychology and has worked as a travel agent and high school teacher. Debtor's chapter 7 case, filed March 25, 1993, results from $125,000.00 in unsecured debt incurred from her ownership and operation of a children's store. Debtor has no secured debt.

In her schedules debtor lists the following assets: a one-half undivided interest in unencumbered real property with a market value of $96,900.00; a checking account with a $100.00 balance; furniture, clothing, furs and jewelry worth $4,400.00; and an IRA at Merrill Lynch with a value of $19,000.00.[2] Except for a limited exemption claim in real property of $5,000.00, debtor claims all other assets totally exempt, including the IRA.[3]

Debtor is currently unemployed, receiving only $302.00 per month income from Social Security. Her petition lists no monthly living expenses. She is totally supported by her husband. Debtor testified that in the event of her husband's death she would incur living expenses of approximately $1,340.00 per month. Debtor was unaware of the existence of any life insurance or pension benefits to which she might be entitled in the case of his death.

Debtor's IRA, which was stipulated to by the parties as one defined in § 408 of the Internal Revenue Code [Title 26 United States Code], was opened in 1983. Debtor's husband opened his own IRA at the same time. Debtor's husband contributed approximately 75 percent of the money in debtor's IRA for which he took tax deductions against his income.

*Analysis*

The issues are

(1) whether the IRA is excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2); and

**2.** The parties stipulated that as of June 25, 1993 the IRA had a value of $20,954.47.

**3.** Debtor later amended her schedules to exempt a damage claim for personal injuries received in a automobile collision. At hearing on the objection to the IRA exemption, the trustee also objected to this exemption's listing as having an

(2) if not so excluded, whether the IRA is exempted from the estate under either 11 U.S.C. § 522(b)(2)(B) or O.C.G.A. § 44–13–100;

(3) Whether 75% of the IRA funds should be excluded from the estate under 11 U.S.C. § 541(d).

As a general rule, any legal or equitable interest that the debtor has in property as of the date of the bankruptcy filing becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). Certain exceptions however are made to this rule. 11 U.S.C. § 541(b), (c), and (d). In this case, it is undisputed that if the IRA does not fall within the subsection (c) exception, at least some portion of it to be determined under subsection (d) is property of the estate under § 541(a).

■ Bankruptcy Code § 541(c)(2) excludes from property of the estate a debtor's interest in property in which there is

[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law.

Applicable nonbankruptcy law under this section refers to any relevant nonbankruptcy law, including federal law such as the Employee Retirement Income Security Act of 1974 (ERISA)[4]. *Patterson v. Shumate,* —— U.S. ——, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992). In *Patterson* the Supreme Court held that an anti-alienation provision in an ERISA-qualified pension plan constituted a restriction on transfer enforceable under "applicable nonbankruptcy law" for purposes of the § 541(c)(2) exclusion. *Id.* at ——, 112 S.Ct. at 2248.

■ Debtor contends that because Congress established IRA's in 26 U.S.C. § 408 under the umbrella of ERISA, the Supreme Court's ruling in *Patterson* establishes that her IRA is excluded from the estate under § 541(c)(2). Debtor is mistaken. The hold-

unknown value. Subsequently, debtor filed a second amendment to her exemptions, valuing the personal injury claim at $7,500.00.

**4.** Pub.L. No. 93–406, 88 Stat. 829 (codified at 29 U.S.C. §§ 1001 *et seq.* and in various provisions of the Internal Revenue Code [Title 26 of the United States Code]).

ing in *Patterson* was based on the Supreme Court's determination that the pension plan at issue contained the anti-assignment and anti-alienation provisions required for ERISA qualification and that those restrictions were enforceable under ERISA. —— U.S. at ——, 112 S.Ct. at 2247. The differences between an IRA and an ERISA-qualified plan are that

> [t]he anti-assignation and non-alienation ERISA provisions are found at 29 U.S.C. § 1056(d)(1). IRA's are governed by 26 U.S.C. § 408. Nowhere in the statutory provisions governing IRA's is there contained an anti-assignation or non-alienation clause. *See*, 26 U.S.C. § 408. In fact, 29 U.S.C. § 1051, which deals with the "coverage" and "vesting" of ERISA plans provide that this part, Part 2 of ERISA in which 29 U.S.C. § 1051 and 29 U.S.C. § 1056 are contained, shall not apply to IRA's described in Section 408 of Title 26. This is a specific exclusion. *See*, 29 U.S.C. § 1051(6); *In re Ewell*, 104 B.R. 458, 461 (Bankr.M.D.Fla.1989). Further, ERISA by its terms applies to employee benefit plans. *See* 29 U.S.C. § 1003(a). An employee benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both." *See* 29 U.S.C. § 1002(1), (2) and (3). An IRA, however, is defined as a personal tax deferred, retirement account which an employed person can establish under specified deposit limits for individuals and married couples. Withdrawals may be made from an IRA prior to age 59½ but such withdrawals are subject to a ten percent penalty tax. An IRA is neither established nor maintained by an employer or employee organization. Instead, an IRA is maintained by an individual pursuant to the restrictions contained in 26 U.S.C. § 408. (footnote omitted).

*In re Herbert*, 140 B.R. 174, 176 (Bankr. N.D.Ohio 1992). As IRA's do not contain anti-assignment and anti-alienation provisions, they are not ERISA-qualified plans within the meaning of *Patterson* and are not excluded from a debtor's bankruptcy estate by virtue of ERISA and § 541(c)(2). Although *Herbert* was decided before *Patterson*, its analysis was recognized by the *Patterson*[5] court and has been followed post-*Patterson*. *See In re Brilley*, 148 B.R. 39, 40–41 (Bankr.C.D.Ill.1992).

■ Debtor also contends that the IRA is excluded from property of the estate under § 541(c)(2) because an IRA is exempt from garnishment under state law.

> (a) Funds or benefits from a pension or retirement program as defined in 29 U.S.C. Section 1002(2)(A) or funds or benefits from an individual retirement account as defined in Section 408 of the United States Internal Revenue Code of 1986, as amended, shall be exempt from the process of garnishment until paid or otherwise transferred to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise transferred to the member or beneficiary, shall be exempt from the process of garnishment only to the extent provided in Code Section 18–4–20 for other disposable earnings, unless a greater percentage is otherwise provided by law.
>
> (b) The exemption provided by this Code section shall not apply when the garnishment is based upon a judgment for alimony or for child support, in which event such funds or benefits shall then be subject to the process of garnishment to the extent provided in subsection (f) of 18–4–20.
>
> (c) Nothing in this section shall prohibit the attachment or alienation of welfare benefits as defined in 29 U.S.C. Section 1002(1) in the control of an administrator or trustee.

O.C.G.A. § 18–4–22.

While this statute does restrict a transfer of

---

5. As stated by the Court:
   > So, too, pension plans that qualify for preferential tax treatment under 26 U.S.C. § 408 (individual retirement accounts) are specifically excepted from ERISA's anti-alienation requirement. See 29 U.S.C. § 1051(6). Although a

debtor's interest in these plans could not be excluded under § 541(c)(2) because the plans lack transfer restrictions enforceable under "applicable nonbankruptcy law," that interest nevertheless could be exempted under § 522(d)(10)(E). (footnotes omitted).

debtor's interest in a trust (the IRA)[6] by preventing an involuntary disposition of the IRA funds by certain acts of garnishment, that restriction does not fall within the limited scope of the § 541(c)(2) exclusion. In interpreting § 541(c)(2) in *Patterson*, the Supreme Court stated,

> [t]he natural reading of that provision entitles a debtor to exclude from property of the estate any interest in *a plan or trust that contains a transfer restriction* enforceable under any relevant nonbankruptcy law. (emphasis added).

—— U.S. at ——, 112 S.Ct. at 2246. For § 541(c)(2) to apply, the restriction to be enforced must be contained in the plan or trust at issue. *Patterson* further provides that

> [a]lthough a debtor's interest in these plans [§ 408 individual retirement accounts] could not be excluded under § 541(c)(2) because *the plans lack transfer restrictions* enforceable under "applicable nonbankruptcy law" that interest nevertheless could be exempted under § 522(d)(10)(E). (footnotes omitted) (emphasis added).

*Id.* at ——, 112 S.Ct. at 2249. The IRA does not contain a restriction which state law would enforce. Instead, the restriction on transfer by garnishment is imposed by state statute. Based on the analysis in *Patterson*, I find that the IRA is not excluded from the estate on this basis. Debtor does not contended that the IRA is excluded from the estate under § 541(c)(2) under any other federal or state laws. The IRA is property of the estate under § 541(a).

Debtor also contends that the IRA is exemptible by her from the bankruptcy estate. Debtor argues that as the IRA is exempt from garnishment in Georgia by virtue of O.C.G.A. § 18–4–22, *supra*, it is therefore exempted from the estate under 11 U.S.C. § 522(b)(2)(B)[7] which allows a debtor to exempt from property of the estate

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B). Debtor ignores the plain language of the statute. Section 522(b)(2)(B) applies only when the debtor holds his or her interest as a joint tenant or tenant by the entirety. In Georgia, except cases of multi-party accounts and tenancies in shares and securities not at issue here, a "joint tenancy" is created only by an instrument of title in favor of two or more persons which expressly contain certain statutorily enumerated "joint tenancy" language. O.C.G.A. § 44–6–190. A tenancy by the entirety is a joint tenancy held by husband and wife. *State v. Jackson*, 197 Ga.App. 619, 399 S.E.2d 88, 91 (1990). In this case debtor is the sole holder of legal title of the IRA. The IRA is not exempted from the estate by virtue of § 522(b)(2)(B).

■ Debtor also contends that the IRA is exempted from the estate by virtue of subparagraph (C) of O.C.G.A. § 44–13–100(a)(2.1).[8] My prior ruling in *In re Miller*,

---

**6.** 26 U.S.C. § 408(a) defines individual retirement account as
> [a] trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries ...

**7.** 11 U.S.C. § 522(b)(2)(B) is made applicable by virtue of O.C.G.A. § 44–13–100(b) which provides in pertinent part:
> (b) Pursuant to 11 U.S.C. Section 522(b)(1), an individual debtor whose domicile is in Georgia is prohibited from applying or utilizing 11 U.S.C. Section 522(d) in connection with exempting property from his or her estate; and such individual debtor may exempt from property of his or her estate only such property as may be exempted from the estate pursuant to 11 U.S.C. Section 522(b)(2)(A) and (B)....

**8.** O.C.G.A. § 44–13–100(a)(2.1) provides in pertinent part:
> (a) ... any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

> (2.1) The debtor's aggregate interest in any funds or property held on behalf of the debtor, and not yet distributed to the debtor, under any retirement or pension plan or system:
> (A) Which is (i) maintained for public officers or employees or both by the State of Georgia or a political subdivision of the State of Georgia or both; and (ii) financially supported in whole or in part by public funds of the State of Georgia or a political subdivision of the State of Georgia or both:

Chapter 7 case no. 89–11557, slip op. (Bankr.S.D.Ga. June 27, 1990) is dispositive of this contention. While under subparagraph 2.1(C) similar benefits from the private sector are entitled to the same treatment as those provided under a retirement or pension plan or system described by subparagraphs 2.1(A) and 2.1(B), the plans referred to in those subparagraphs are limited to ones which are financially supported in whole or in part by the debtor's employers. *Id.*, slip op. at 9–10.[9] As a self-funded IRA does not meet the definition of a retirement or pension plan or system set forth in subparagraphs 2.1(A) or 2.1(B), the corpus of such an IRA cannot be exempted under subparagraph 2.1(C). *Id.* Debtor has presented no basis to distinguish this case from *Miller.*[10] Debtor's IRA is not exempted from the estate by virtue of O.C.G.A. § 44–13–100(a)(2.1)(C).

■ Debtor also contends that the IRA is exempted from the estate pursuant to O.C.G.A. § 44–13–100(a)(2)(E) to the extent reasonably necessary for her support.[11] I disagree. Paragraph (2)(E) only provides an exemption for periodic payments. It does not provide an exemption when the corpus of an IRA or other benefit plan is at issue. *In re Herndon,* 102 B.R. 893, 895 (Bankr. M.D.Ga.1989). This conclusion is implicit in Paragraph 2.1, *supra,* which specifically provides an exemption for the corpora of certain

retirement plans but mandates that the exempt or non-exempt status of "periodic payments" under those plans is covered in paragraph (2)(E). *Miller, supra,* slip op. at 7–8; O.C.G.A. § 44–13–100(a)(2.1), note 8 *supra.*

Limitation of the exemption to periodic payments is also mandated by the type of plans for which paragraph (2)(E) provides an exemption. Under (2)(E) a payment is exempt if made under a "pension, annuity, or similar plan or contract." A comparison of that paragraph with 11 U.S.C. § 522(d)(10)(E), the federal provision on which paragraph (2)(E) was modeled, reveals that § 522(d)(10(E) allows additional exemptions for payments under stock bonus and profit sharing plans. The deliberate exclusion of such plans from the Georgia statute suggests that any interpretation of "similar plan or contract" under (2)(E) should be narrowly construed and limited to those containing the characteristics of pensions and annuities. One of the key characteristics of both a pension and annuity is regularity of payment. Black's Law Dictionary 1021 (5th ed. 1979) defines pension as a "[r]etirement benefit paid regularly (normally, monthly) with the amount of such based generally on length of employment and amount of wages or salary of pensioner." Annuity is defined as "[a] right to receive fixed, periodic payments, either for life or a term of years." Black's, *supra,* p. 82.[12] Partially in recogni-

---

(B) Which is (i) maintained by a nonprofit corporation which is qualified as an exempt organization under Code [O.C.G.A.] Section 48–7–25 for its officers or employees or both; and (ii) financially supported in whole or in part by funds of the nonprofit corporation; or

(C) To the extent permitted by the bankruptcy laws of the United States similar benefits from the private sector of such debtor shall be entitled to the same treatment as those specified in subparagraphs (A) and (B) of this paragraph,

provided that the exempt or non-exempt status of periodic payments from such a retirement or pension plan or system shall be as provided under subparagraph (E) of paragraph (2) of this subsection.

9. In *Miller* I also found that the definition of "retirement system" set forth in O.C.G.A. § 47–20–3(23) applicable to public employees under subparagraph (A) contained the same employer funding requirement and explicitly excluded IRA's from its parameters.

10. 26 U.S.C. § 408(c) does allow for an employer-funded I.R.A. if certain qualifications are met, however it is undisputed that debtor's IRA is self-funded.

11. O.C.G.A. § 44–13–100(a)(2)(E) provides in pertinent part:

(a) ... any debtor who is a natural person may exempt, pursuant to this article, for the purposes of bankruptcy, the following property:

(2) The debtor's right to receive: ...

(E) A payment under a pension, annuity or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

12. When defined in the Georgia Code, both pension and annuity refer to periodic payments made over time. *See* O.C.G.A. § 47–2–1(26) and § 47–3–1(17) (pension); O.C.G.A. § 33–28–1(1) (annuity).

tion of this fact, cases interpreting similar state laws and § 522(d)(10)(E) have held that an IRA is not a "similar plan" to a pension or annuity because "annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum." *See In re Herbert,* 140 B.R. 174 (Bankr. N.D.Ohio 1992) (quoting *In re Spandorf,* 115 B.R. 415, 416 (Bankr.D.Conn.1990) and citing *In re Innis* 62 B.R. 659, 660 (Bankr.S.D.Cal. 1986); *In re Gillett,* 46 B.R. 642, 643–44 (Bankr.S.D.Fla.1985); *In re Fichter,* 45 B.R. 534, 537–38 (Bankr.N.D.Ohio 1984); *In re Peeler,* 37 B.R. 517, 518 (Bankr.M.D.Tenn. 1984)).[13]

The purpose of § 522(d)(10)(E) is to allow the debtor to exempt benefits which are "akin to future earnings" and which will provide for the debtor when met with circumstances that would inhibit or preclude his wage earning ability. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 362, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6318; 11 U.S.C. § 522(d)(10). Periodic payment plans such as pensions and annuities fulfill that purpose by assuring the debtor/beneficiary of a future stream of income to compensate for the loss of or reduction in earnings after retirement, disability or illness. At the same time the exemption acknowledges the rights of a creditor to such payments to the extent they exceed the debtor's reasonable support needs. Conversely, with IRA's or other plans in which the debtor is entitled to a lump sum payment or which the debtor otherwise has the ability to obtain the funds at any time, there is no established future stream of income and without this stream of income the purpose of the exemption statute is not fulfilled and debtors are not entitled to shelter the fund from creditor claims. *See In re Pauquette,* 38 B.R. 170, 173–74 (Bankr.D.Vt.1984); *In re Pettit,* 61 B.R. 341, 348 (Bankr.W.D.Wash.1986); *In re Moss,* 143 B.R. 465, 467 (Bankr.W.D.Mich. 1992). In this case, the corpus of debtor's IRA is sought to be exempted. As the IRA

does not provide for "periodic payments," it is not exemptible under O.C.G.A. § 44–13–100(a)(2)(E).

▇▇ The final issue is whether 75% of the funds in the IRA which were contributed by debtor's husband are excluded from the estate pursuant to 11 U.S.C. § 541(d) which provides:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Although federal bankruptcy law determines the effect of the nature of a debtor's interests in property, state law governs the nature and extent of that interest. *In re Cowden,* 154 B.R. 531, 533–34 (Bankr.E.D.Ark.1993) (citing *In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985); *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Debtor contends that her husband's contribution of 75% of the funds in her IRA entitles him to a beneficial interest in the IRA to that extent by way of a resulting trust.

▇▇ Under the Georgia Trust Act, O.C.G.A. § 53–12–1 et seq., when a person pays consideration for the transfer to another person of legal title to real or personal property and it is determined that the payor did not intend the holder of the legal title to have the beneficial interest in the property, a purchase money resulting trust may be implied for the benefit of the payor. O.C.G.A. § 53–12–91(3); O.C.G.A. § 53–12–92. However, in cases such as this, when the payor

---

**13.** 26 U.S.C. § 408(b) does provide for individual retirement annuities. They are identical to individual retirement accounts except that when the holder reaches the designated age, the proceeds deposited are used to purchase a single premium annuity. However, individual retirement annui-

ties require the same treatment for purposes of exemption because the funds may be withdrawn prior to the purchase of the annuity, and until that purchase occurs, it is not an annuity. *See In re Moss,* 143 B.R. 465 (Bankr.W.D.Mich.1992).

and transferee are husband and wife, a gift is presumed and this presumption can only be rebutted by clear and convincing evidence. O.C.G.A. § 53–12–92(c); *see also, Eason v. Farmer*, 261 Ga. 675, 409 S.E.2d 509 (1991). Debtor has presented no evidence which would rebut the presumption that her husband's contributions to her IRA was a gift. As debtor has not rebutted the presumption established by law, I find that debtor's husband has no beneficial interest in debtor's IRA. Debtor is not entitled to exclude any portion of the IRA funds from the bankruptcy estate by virtue of § 541(d).

Having found that debtor's IRA was not excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), not exempted from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(2)(B) or O.C.G.A. § 44–13–100, and that no portion of the IRA was excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(d), it is hereby ORDERED that the trustee's objection to debtor's claim of exemption is sustained. The claim of exemption is ORDERED not allowed.