In re Virginia Ann MEEHAN, Debtor.

Virginia Ann MEEHAN, Appellant,

v.

A. Stephenson WALLACE, Chapter 7 Trustee, Appellee.

No. 93–10463.

Civ. A. No. CV194–027.

United States District Court, S.D. Georgia, Augusta Division.

Oct. 20, 1994.

A. Stephenson Wallace, Chapter 7 Trustee, Augusta, GA.

Jay M. Sawilowsky, Augusta, GA, for appellant.

## ORDER ON APPEAL

BOWEN, District Judge.

Virginia Ann Meehan appeals an Order dated December 12, 1993, entered in her Chapter 7 case by United States Bankruptcy Judge John S. Dalis, of this district. 162 B.R. 367. The Order sustains the Chapter 7 Trustee's objection to Meehan's claimed exemption of an Individual Retirement Account (IRA) and disallows the exemption. On appeal, Meehan contends the bankruptcy judge erred in holding her interest in the IRA constitutes nonexempt property of her bankruptcy estate.

The facts pertaining to the legal issues Meehan raises in this appeal are as follows. Meehan, a Georgia resident, filed her Chapter 7 bankruptcy petition on March 25, 1993. She was (as of the date of the Order in

question) 63 years old. In Schedule B (Personal Property) of her petition, Meehan listed an IRA at Merrill Lynch, then valued at $19,000.00. In Schedule C (Property Claimed as Exempt), Meehan claimed the entire value of her IRA as exempt under Georgia law.

A. Stephenson Wallace, the Chapter 7 trustee and appellee herein, objected to Meehan's claimed exemption of the IRA. Following a hearing, the Bankruptcy Court determined that Meehan's IRA is property of her bankruptcy estate under 11 U.S.C. § 541(a) and not exempt under Georgia law. 162 B.R. at 374. Accordingly, the Bankruptcy Court sustained the trustee's objection. *Id.* Meehan timely filed this appeal.

■ As there are no factual issues presented by this appeal, the Bankruptcy Court's findings of fact are taken as correct; legal determinations are reviewed de novo. *In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir.1990).

Meehan's appeal raises two issues:

(1) "[w]hether under [11 U.S.C.] § 541(c)(2) Debtor's IRA is excluded from the estate because it is exempt from process under applicable under [sic] Non–Bankruptcy State Law[,]" and

(2) "[w]hether the Debtor's IRA was exempt under § 522(d)(1)(E), § 522(b)(2)(A) and O.C.G.A. § 44–13–100." (Appellant's Br., Feb. 24, 1994, at 2.)

The initial question is whether Meehan's IRA is excluded from her bankruptcy estate under § 541(c)(2). Section 541(c)(2) states that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title [11]," meaning that property subject to such a restriction is excluded from the bankruptcy estate. Meehan's IRA, according to the record before me, contains no transfer restrictions.

Georgia law, however, provides that IRA funds are "exempt from the process of garnishment until paid or otherwise transferred[.]" O.C.G.A. § 18–4–22(a). Meehan contends that protection from garnishment

under state law constitutes a transfer restriction within the meaning of § 541(c)(2) and, hence, her IRA, though it contains no anti-alienation provisions, is excluded from her Chapter 7 bankruptcy estate.

■ Meehan does not dispute that her IRA is within the sweeping embrace of 11 U.S.C. § 541(a), which delineates property collectively forming the bankruptcy estate. Section 541(a) includes in the estate "*all* legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). Section 541(a)'s expansive reach is noted here because doing so casts the § 541(c)(2) exclusion in proper light. Consistent with clear congressional intent that § 541(a)'s scope be broad, § 541(c)(1) renders inoperative restrictions on transfer of the debtor's property, so that all property in which the debtor has an equitable or legal interest, unless exempt under applicable law, will be subject to the Bankruptcy Court's administration.

■ Section 541(c)(2) effects a specific and narrow exception to the general rule under § 541(c)(1) that property subject to a transfer restriction is estate property. Section 541(c)(2) is intended to preserve property held in a trust of which the debtor is a beneficiary; it "carries forward under the [Bankruptcy] Code the former practice under the [Bankruptcy] Act pursuant to which income from a spendthrift trust was considered realistically as a property interest of the trustee or as exempt property." 4 Collier on Bankruptcy, ¶ 541.23, 541–114 (King 15th ed. 1993).

■ Construing dicta in *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) as contrary to Meehan's § 541(c)(2) argument, the Bankruptcy Court held that O.C.G.A. § 18–4–22(a) does not bring the Debtor's IRA within § 541(c)(2)'s reach because "[f]or § 541(c)(2) to apply, the restriction to be enforced *must be contained in the plan or trust at issue.*" 162 B.R. at 371 (emphasis added). Although not beyond debate, this interpretation of § 541(c)(2) follows from a natural reading of § 541(c)(2) and is consistent with the Supreme Court's

narrow construction of § 541(c)(2), *see Patterson,* —— U.S. ——, 112 S.Ct. 2242, and with the limited purpose § 541(c)(2) was designed to serve.

■ The grammatical organization of the single sentence composing § 541(c)(2) contradicts Meehan's interpretation of § 541(c)(2). Filling in the blanks as required by Meehan's proposed application of § 541(c)(2) to her IRA yields a meaningless tautology: "[a] restriction [in O.C.G.A. § 18–4–22(a) ] . . . that is enforceable under [O.C.G.A. § 18–4–22(a) ] is enforceable in a case under this title." Bedrock principles of statutory construction constrain courts to a "natural reading" of statutory phrases, *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), and applications thereof that will not render the statute meaningless. *See Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 385, 100 S.Ct. 1723, 1738, 64 L.Ed.2d 354 (1980). Meehan's reading of § 541(c)(2) is implausible due to the empty duplication ("a provision in a statute is enforceable under that statute") that attends it.

■ Implicit in § 541(c)(2), reading its plain language naturally, is that the subject restriction is (1) contained in the trust and (2) enforceable under applicable nonbankruptcy law; otherwise, the exception to § 541(c)(1) does not apply. Meehan's IRA, with no anti-alienation provision, does not constitute a trust which contains a "restriction on the transfer of a beneficial interest of the debtor" under § 541(c)(2).

■ The fact that Meehan's IRA contains no transfer restriction obviates further analysis of § 541(c)(2)—it does not apply here. Nonetheless, the Court observes that extending the § 541(c)(2) exclusion to Meehan's IRA would not be in keeping with the unambiguous purpose § 541(c)(2) is designed to serve: preservation of spendthrift (or analogous) trusts. *See* H.Rep. No. 595, 95th Cong., 2d Sess. 369, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6325. An elaborate discussion of what constitutes a spendthrift trust is unnecessary here; it is enough to note that the unassailable dominion and control Meehan possesses over her

self-funded IRA is antithetical to the nature of a spendthrift trust. Unlike traditional spendthrift trusts, Meehan has complete access to the corpus of her IRA. Even before age 59 and ½, Meehan could, subject only to a ten percent penalty, withdraw all of her IRA funds at any time. Although IRA's are referred to as "trusts," *see* 26 U.S.C. § 408(a), Meehan's control over and access to the corpus of her IRA is inconsistent with the concept of a spendthrift trust.

It would be inequitable, moreover, to allow debtors to shield IRA funds during the pendency of a bankruptcy proceeding and then, having secured a clean slate via a bankruptcy discharge, withdraw entire corpora for their exclusive personal benefit. The Bankruptcy Court correctly concluded that § 541(c)(2)'s exclusion is not applicable to Meehan's IRA. The IRA is property of Meehan's Chapter 7 bankruptcy estate under § 541(a).

Meehan argues that her IRA, even if otherwise property of her bankruptcy estate, is exempt from the estate under 11 U.S.C. § 522. Section 522(b) permits a debtor to exempt from his or her bankruptcy estate certain types of property, as enumerated in § 522(d) or, where a state opts out of the Bankruptcy Code's exemption scheme and provides its own list of exempt property, *see* § 522(b), according to state law. Pursuant to § 522(b), Georgia provides its own exemption scheme in O.C.G.A. § 44–13–100(a) and expressly prohibits individuals domiciled in Georgia from utilizing the exemptions in § 522(d). O.C.G.A. § 44–13–100(b). *See also* 11 U.S.C. § 522(b)(1).

Meehan argues that her IRA is exemptible under O.C.G.A. § 44–13–100(a)(2)(E) and (a)(2.1)(C). The relevant provisions of § 44–13–100 are as follows:

(a) . . . [A]ny debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

.     .     .     .     .

(2) The debtor's right to receive:

.     .     .     .     .

(E) A payment under a pension, annuity, or similar plan or contract on account

of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(2.1) The debtor's aggregate interest in any funds or property held on behalf of the debtor, and not yet distributed to the debtor, under any retirement or pension plan or system:

(A) Which is: (i) maintained for public officers or employees or both by the State of Georgia or a political subdivision of the State of Georgia or both; and (ii) financially supported in whole or in part by public funds of the State of Georgia or a political subdivision of the State of Georgia or both;

(B) Which is: (i) maintained by a nonprofit corporation ... for its officers or employees or both; and (ii) financial supported in whole or in part by funds of the nonprofit corporation; or

(C) To the extent permitted by the bankruptcy laws of the United States similar benefits from the private sector of such debtor shall be entitled to the same treatment as those specified in subparagraphs (A) and (B) of this paragraph,

provided that the exempt or nonexempt status of periodic payments from such a retirement or pension plan or system shall be as provided under subparagraph (E) of paragraph (2) of this subsection[.]

■ The Bankruptcy Court rejected Meehan's exemption arguments, holding that neither subsection (2)(E) or (2.1)(C) of O.C.G.A. § 44–13–100(a) exempts the IRA from her bankruptcy estate. 162 B.R. at 371–73. With respect to (2)(E), the bankruptcy judge determined that (2)(E) exempts only "periodic payments" of a pension or annuity. *Id.* at 372–73. This application of (2)(E), though rigid, is consistent with (2)(E)'s plain language. By its terms, (2)(E) exempts only "[a] *payment,*" and only "to the

extent reasonably necessary for the support of the debtor and any dependent[.]" This limiting language connotes a future stream of income, exemptible only as necessary for the debtor's continued support. In Schedule C, Meehan seeks to exempt the entire corpus of her IRA. The (2)(E) exemption does not apply to the corpus of Meehan's IRA.

■ Regarding the (2.1)(C) exemption, the bankruptcy judge, following his prior decision in *In re Miller,* 1990 WL 517059 (Bankr.S.D.Ga.1990), held that this exemption does not apply to self-funded IRA's. 162 B.R. at 371–72. Subsection (a)(2.1)(C) exempts the corpora of certain private sector funds or property held on behalf of the debtor if such funds or property are "similar" to those described in (2.1)(A) or (2.1)(B). The (2.1)(A) and (B) exemptions, by their terms, apply only to funds *maintained by the employer.* Meehan's self-funded IRA was not established and maintained by her employer; it is not similar to the funds described in (2.1)(A) or (B). Thus, the Bankruptcy Court correctly held that the (2.1)(C) exemption does not apply to Meehan's IRA.

No other issues are raised by Meehan concerning the Bankruptcy Court's Order. Having determined that the § 541(c)(2) exclusion does not apply to Meehan's IRA and that the exemptions in O.C.G.A. § 44–13–100(a)(2)(E) and (a)(2.1)(C) are not applicable to the corpus of Meehan's IRA as she claimed them, the Bankruptcy Court's Order sustaining the trustee's objection to the claimed exemptions is AFFIRMED. The appellant's Motion for Oral Argument is DENIED as moot.