**In re Mariea M. EISAN, Debtor.**

**Civ. A. No. 94–73913.**

United States Bankruptcy Court,
D. South Carolina.

Jan. 27, 1995.

Randy A. Horner, Alice F. Paylor, Charleston, SC, for Mariea M. Eisan.

Cynthia J. Lowery, Charleston, SC, for Trustee.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Trustee's Objection to Property Claimed as Exempt. The Debtor, Mariea M. Eisan ("Ms. Eisan") asserts that 107 shares of AT & T Stock, 93 units of a Nuveen Tax Free Unit Trust ("Nuveen Trust") and a Jefferson Pilot IRA are exempt under South Carolina Code of Laws Annotated § 15–41–30, as amended [1]. The Trustee contends that there is no legal basis under state or federal law for the subject assets to be exempt from property of the bankruptcy estate. Based upon argument of counsel and the testimony presented by Ms. Eisan and her late husband's financial advisor, Samuel H. Morrow, Jr. ("Morrow") [2], the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Ms. Eisan filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 [3], et seq., on August 17, 1994. Cynthia Jordan Lowery was appointed as the Chapter 7 Bankruptcy Trustee ("Trustee").

2. Prior to Ms. Eisan's filing for bankruptcy protection, her husband, Mr. Eisan ("Mr. Eisan"), an employee of AT & T, died. As a benefit of his employment, Mr. Eisan was provided with a life insurance policy, a 401(k) plan, and a pension plan. He also participated in an employee stock ownership program and purchased a privately owned life insurance policy.

3. Upon Mr. Eisan's death, his interest in the AT & T stock ownership program was transferred to Ms. Eisan. Ms. Eisan also received the proceeds from Mr. Eisan's life insurance policies, the 401(k) plan and the pension plan.

4. Ms. Eisan reinvested the proceeds from the privately owned life insurance in a Jefferson Pilot Life Annuity. She reinvested the proceeds from Mr. Eisan's 401(k) plan and her own 401(k) plan (from a brief employment at Rite–Aid as a cashier) and one (1) year's payments from Mr. Eisan's pension plan into the Jefferson Pilot IRA [4]. She reinvested the proceeds from the AT & T life insurance policy into the Nuveen Trust. The 107 shares of AT & T Stock, originally acquired by the Debtor's husband through a stock bonus plan with his employer, AT & T, were transferred upon his death to Ms. Eisan.

5. In her Bankruptcy Petition, Schedules and Statements, Ms. Eisan listed as personal property and claimed as exempt pursuant to South Carolina Code § 15–41–30(10) the following: the Jefferson Pilot IRA valued at $9,835.99; one hundred and seven (107) shares of AT & T Stock valued at $5,830.00; [5] and ninety-three

---

1. Further references to the South Carolina Code of Laws Annotated and as amended, shall be by references to South Carolina Code.

2. There were no documents produced or admitted into evidence.

3. Further reference to the Bankruptcy Code shall be by section number only.

4. Neither party presented evidence to establish that this IRA was qualified under the requirements of the Employee Retirement Income Security Act ("ERISA"). Based upon the characteristics of this IRA as described at the hearing, it is the finding of this Court that the Jefferson Pilot IRA does not meet the requirements of a qualified ERISA plan.

5. Ms. Eisan's original Schedules and Statements of August 29, 1994, the Trustee's Objection to Property Claimed as Exempt filed on October 18, 1994 and the Amended Schedule C filed by the debtor on November 4, 1994 all refer to 107 shares of AT & T Stock; however, the Amended Schedule B also filed on November 4, 1994 refers to 96 shares of AT & T Stock. Counsels argument and memoranda refer to 107 shares of stock. For purposes of this Order, the Court will base its Findings of Fact and Conclusions of Law on the existence of 107 shares of AT & T Stock.

(93) Units of Nuveen Trust valued at $9,083.00.[6]

6. The Trustee filed a timely objection to Ms. Eisan's exemption of the 107 shares of AT & T Stock; the 93 Units of Nuveen Trust; and the Jefferson Pilot IRA.

7. Ms. Eisan was Fifty–Two (52) years of age at the time of the hearing on the Trustee's objection to these exemptions.

## CONCLUSIONS OF LAW

"The estate created by the debtor's filing a petition for relief is comprised of 'all legal or equitable interest of the debtor ... as of the commencement of the case'." *Hovis v. Sopkin (In re Sopkin)*, 57 B.R. 43 (Bankr.D.S.C. 1985) (citing § 541). Section 522 of the Bankruptcy Code then states in part, "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... any property that is exempt under Federal law ... or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition ..." § 522(b)(2)(A). South Carolina has opted out of the federal exemptions and therefore the appropriate exemptions are determined by state law. *Hovis v. Lowe*, 25 B.R. 86 (Bankr.D.S.C.1982). In the instant case, the applicable sections of the South Carolina exemption statutes are South Carolina Code § 15–41–30(10)(E) and South Carolina Code § 15–41–30(11)(C). South Carolina Code § 15–41–30(10)(E) exempts "the Debtor's right to receive a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service ...".[7] South Carolina Code § 15–41–30(11)(C) allows the debtor to exempt "property that is traceable to a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of that individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The validity of the exemptions claims before the court involves an interpretation of these statutes.

Ms. Eisan contends that her property rights in these assets are exemptible under two primary arguments. First, she contends that her property rights in the AT & T Stock, Nuveen Trust and IRA are all traceable to property which was previously exempt in the hands of her husband (and in regards to the IRA, a portion coming from her own previously exempt 401(k) plan) and furthermore, that her receipt of these assets are as a result of his death and therefore are exemptible as a death benefit. She also argues that the IRA is actually an exemptible annuity. As the statutory basis for these exemption claims, Ms. Eisan formally cited South Carolina Code § 15–41–30(10)(E) of the South Carolina Code in her original and amended Schedules. In the memorandum submitted as a proposed Order in this matter, Ms. Eisan also cited South Carolina Code § 15–41–30(11)(C) as an additional statutory basis for the exemption of the Nuveen

---

6. Additionally, Ms. Eisan exempted in Schedule C and the Trustee did not file an objection to, three life insurance policies with a total value of $1,772.61, a 1994 Mazda automobile, a residence located at 735 Powhatan Street, Mt. Pleasant, South Carolina, an annuity with Jefferson Pilot valued at $6,776.00, an AT & T Retirement Plan from which she received $383.00 per month and miscellaneous furniture and appliances valued at $2,500.00.

7. § 15–41–30(10)(E), Code of Laws of South Carolina (1976) states:

The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy and sale under any mesne or final process issued by any court or bankruptcy proceeding: ...

(10) The debtor's right to receive—
(E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, unless
(i) the plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under the plan or contract arose;
(ii) the payment is on account of age or length of service; and
(iii) the plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

Trust.[8]

The Trustee opposes the exemption claims and argues that South Carolina Code § 15–41–30(10)(E) does not allow exemptions based upon tracing from previously exemptible property, does not exempt property merely because it was received as an inheritance of a death benefit and, because South Carolina Code § 15–41–30(10)(E) exempts only the right to receive payments from certain sources, it exempts property only if the debtor is currently eligible for or is currently receiving payments. The Trustee also argues that the IRA is not an exemptible annuity and that, if any part of the IRA is attributable to Ms. Eisan's own previously exemptible 401(k) plan, that those funds lost their exempt status when she voluntarily converted them to a nonexempt status.

## SOUTH CAROLINA CODE
## § 15–41–30(10)(E)

### TRACING AND DEATH BENEFITS

■ A review of the plain language of South Carolina Code § 15–41–30(10)(E) requires this Court to sustain the Trustee's arguments. As is indicated by other subsections of South Carolina Code § 15–41–30, the South Carolina legislature expressly incorporates specific language providing for the tracing of assets or property from another source when such a result is intended.[9] If the Debtor's general tracing argument under South Carolina Code § 15–41–30(10)(E) was accepted, a debtor could receive formerly exempt property, whether as a result of an inheritance of a death benefit or not, and transform it to any other type of property, even luxury items, and still maintain it's exempt status.[10] Such an interpretation of this statute would extensively broaden the purpose of the exemption statute as this Court views it; that is, to protect a basic amount of property which is essential to the maintenance of a debtor's life and necessary to a fresh start.

It is also reasonable to infer that the legislature would have included more and different types of property in South Carolina Code § 15–41–30(11) (or in a similarly drafted new subsection) if it wished to provide for such a broad exemption.[11]

Furthermore South Carolina Code § 15–41–30(10)(E) only exempts a debtor's "right to receive a payment". This Court has previously focused on the importance of that phrase in South Carolina Code § 15–41–

**8.** A critical difference between South Carolina Code § 15–41–30(10)(E) and South Carolina Code § 15–41–30(11)(C) is that the latter expressly provides for an exemption in property traceable from life insurance proceeds. In this case, it is clear that the debtor specifically identified the property in which she claimed an exemption as required by Bankruptcy Rule 4003 and consistently argued the principle of tracing as a basis for her exemption claim. The Trustee addressed the tracing argument at trial. The Court finds that the debtor's exemption claims under both South Carolina Code § 15–41–30(10)(E) and South Carolina Code § 15–41–30(11)(C) were in good faith. The Court further finds that the Trustee and creditors of the estate suffer no prejudice in allowing the exemption claims under both subsections of South Carolina Code § 15–41–30 and that such allowance is in the interests of justice in this case. Additionally this Court would note the Debtor's right to amend her exemption claims until the closing of this case pursuant to Bankruptcy Rule 1009 and believes that permitting the exemption claims under South Carolina Code § 15–41–30(11)(C) at this time serves to expedite the resolution of these issues.

**9.** i.e., South Carolina Code § 15–41–30(11)(C) allows the debtor to exempt property that is "traceable to a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of that individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

**10.** Following the Debtor's argument to its logical conclusion, she could have taken the 401(k) Plan funds for instance and purchased a yacht or similar luxury item, and the yacht would be exemptible because the funds could be "traced" back to the 401(k) Plan and there is no limitation under § 15–41–30(10)(E) to property reasonably necessary for support.

**11.** South Carolina Code § 15–41–30(10) and South Carolina Code § 15–41–30(11) are modeled to a great extent after § 522 of the Bankruptcy Code at § 522(d)(10)(E) and § 522(d)(11)(C) respectively. A distinction between these sections of the Bankruptcy Code is revealed in the legislative history which states in part "Paragraph 10 exempts certain benefits that are akin to future earnings of the debtor ... Paragraph 11 allows the debtor to exempt certain compensation for losses." H.R.Rep. 595, 95th Cong., 1st Sess. 362 (1977).

30(10)(E) in cases involving IRA plans. Specifically, in *Hovis v. Lowe*, 25 B.R. 86 (Bankr. D.S.C.1982), this Court found that at the time the Bankruptcy Petition was filed, the debtor was not entitled to a payment from the funds in the IRA without incurring a penalty. Due to the fact that the debtor was due no "payment" from the IRA as of the Petition date, the Court held that the debtor was not entitled to claim an exemption under South Carolina Code § 15–41–30(10)(E). This Court has subsequently followed the *Lowe* opinion for the proposition that to claim an IRA as exempt, there must be a showing that the debtor is currently eligible to receive payments without penalty at the time of the filing of the petition. *Hovis v. Sopkin*, 57 B.R. 43 (Bankr.D.S.C.1985) and *In re Sullivan*, 91–03910 (Bankr.D.S.C. 9/5/91).

In the *Lowe* opinion, this Court, in citing *In re Talbert*, 15 B.R. 536 (Bkrtcy.W.D.La. 1981), set forth its reasoning for this position. "Public policy dictates that such an account not be held exempt. This Court agrees with the Trustee's argument that to allow a debtor to exempt this property would give him a license to convert non-exempt cash to an exempt savings account on the eve of bankruptcy, such account being revocable at his discretion. After bankruptcy the money could be withdrawn with a negligible penalty of ten per cent (10%)." *Lowe, supra* at 89.

In response to this argument, the Debtor asserts that the "payment" distinction is no longer applicable in light of the holding in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) in which the United States Supreme Court held that a debtor's interest in an ERISA qualified pension plan was properly excluded from estate property pursuant to § 541(c)(2). The Trustee asserts that *Patterson* is determinative only if the debtor's IRA is ERISA qualified, which Ms. Eisan's IRA is not.

The Bankruptcy Court of the Southern District of Georgia recently had an opportunity to consider the applicability of *Patterson* to an IRA that is not ERISA qualified. *In re Meehan*, 162 B.R. 367 (Bankr.S.D.Ga. 1993). In *Meehan*, the Court noted the significant differences between an ERISA quali-

fied plan and an IRA in that (1) IRA accounts are specifically excluded from ERISA and 29 U.S.C. § 1051; (2) an IRA is not an employee retirement plan established and maintained by an employer; and (3) no where in the statutory provisions governing IRA is there an anti-alienation or anti-assignment clause. Instead, an IRA is an individual tax deferred retirement account established and maintained by the individual, who has the power to make withdrawals without penalties only after age 59 and ½.

As in *Meehan*, Ms. Eisan's IRA is not ERISA qualified; it was established and is maintained by her personally; and she will only be eligible for payments without penalty at the age of 59 and ½. Therefore, the holding in *Patterson* is not determinative as to the debtor's IRA in this case and it is property of the bankruptcy estate. Therefore this Court's decisions in *Lowe*, *Sopkin* and *Sullivan* are controlling. Specifically, as to an IRA, if a debtor is entitled to payments, (i.e., in that he or she has obtained the age of 59 and ½), the IRA is exemptible under South Carolina Code § 15–41–30(10)(E). If the debtor has not obtained the age of 59 and ½ and is not entitled to payments without penalty, the IRA is not exemptible under the subject statute. *Lowe, supra* at 88. The evidence presented was that Ms. Eisan is 52 years old, and is not entitled to payments under the IRA without penalty. This Court's reasoning in such cases is consistent with the holdings of other Courts which have specifically addressed IRA plans. See *In re Iacono*, 120 B.R. 691 (Bankr.E.D.N.Y.1990) and *In re Evenson*, 165 B.R. 27 (Bankr. E.D.Mich.1994).

Based upon this analysis, this Court concludes that for any exemption to exist under South Carolina Code § 15–41–30(10)(E), there must be a *present right to receive payments* from the type of sources set forth in South Carolina Code § 15–41–30(10)(E). This ruling is supported by the related legislative history of § 522(d)(10) which exempts benefits akin to future earnings of the debtor. (See Footnote # 11). The mere previous receipt of the corpus of the types of property listed in South Carolina Code § 15–

41–30(10)(E) does not mean that the corpus is therefore exemptible under this statute.

Based upon the evidence presented to this Court, it does not appear that the debtor's claim for exemption in the AT & T Stock, Nuveen Trust and the Jefferson Pilot IRA pursuant to South Carolina Code § 15–41–30(10)(E), upon the grounds that the property may be traceable to previously exemptible property or the result of a death benefit, can be sustained.

## SOUTH CAROLINA CODE
### § 15–41–30(10)(E)
### ANNUITY AND EQUITABLE CONSIDERATIONS

■ Ms. Eisan additionally offers the argument that the Jefferson Pilot IRA is exemptible because it is actually an annuity rather than an IRA, because under equitable considerations, the potential payments from the IRA are essential and necessary to her reasonable support, and because at least a portion of the IRA is attributable to her own previously exempt 401(k) plan.

There was no documentation presented to support the argument that the IRA is actually an exemptible annuity. The testimony of Morrow established that the account, despite its nominal reference to an annuity, retained the characteristics of an IRA, including distribution before the age of 59 and ½ only with penalty or in the event of disability, and a limitation of contributions of $2,000 annually or by rollover from another IRA. In addition, even if considered an annuity, Ms. Eisan is not now eligible for payments without penalty. Therefore the IRA is not exemptible under this argument.

■ As to the equitable argument, this Court is restricted by the Statute and may not allow Ms. Eisan's potential need for payments from the IRA to control the decision as to whether the account is exemptible under South Carolina law. Under South Car-

olina Code § 15–41–30(10)(E), whether payments are necessary for the reasonable support of the debtor or her dependents is not a consideration and therefore the IRA is not exemptible upon those grounds.[12]

Finally, this Court finds that the portion of the IRA attributable to Ms. Eisan's previously exempt 401(k) plan lost that exempt status when it was converted into the otherwise nonexempt property, the IRA.

## SOUTH CAROLINA CODE
### § 15–41–30(11)(C)

■ The Court next considers whether the Nuveen Trust may qualify for exemption under South Carolina Code § 15–41–30(11)(C). As stated above, the clear language of this subsection contemplates exempting property, whether it is presently in the actual possession of the debtor or not, which is traceable to a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of death, to the extent reasonably necessary for the debtors or her dependents support. As referenced above, it is reasonable to infer that South Carolina Code § 15–41–30(11)(C) was intended to allow an exemption which compensates the debtor for a loss.

The evidence indicates that the Nuveen Trust was purchased by and is traceable to the proceeds of the AT & T life insurance policy paid (in a lump sum of $129,500.00) to Ms. Eisan upon her husband's death. Ms. Eisan used $80,000.00 of these proceeds to purchase the Nuveen Trust. Based upon the evidence submitted including the testimony of Ms. Eisan and Morrow, it appears that Ms. Eisan was a dependent of her husband on the date of his death and that the payments she received and will continue to receive from the Nuveen Trust are reasonably necessary for her continued support. Therefore, this Court finds the Nuveen Trust and payments therefrom are exempt pursuant to South Carolina Code § 15–41–30(11)(C).[13]

---

12. South Carolina Code § 15–41–30(10)(E), unlike the federal exemption statute in § 522(d)(10)(E), does not condition the exemption on an amount reasonably necessary for the support of debtor or her dependents.

13. It should be noted that property is generally exemptible under South Carolina Code § 15–41–

30(11) only to the extent it is reasonably necessary for the support of the debtor and the dependents of the debtor and therefore it is unlikely that such proceeds or property could be used to purchase extravagant or luxury items. It also does not appear that South Carolina Code § 15–41–30(11) can serve as a basis for exemption of

For the foregoing reasons, the Court finds that the Trustee has met her burden of proof[14] and sustains the Trustee's objection to the debtor's exemption in the 107 shares of AT & T stock and the Jefferson Pilot IRA. The Trustee's objection to the Debtor's exemption in the Nuveen Trust is overruled.

## CONCLUSION

For all of the reasons enunciated above, it is therefore

ORDERED, that the Trustee's Objection to the allowance of the Debtor's claimed exemptions in the 107 shares of AT & T Stock, pursuant to South Carolina Code Ann. § 15–41–30(10)(E), is sustained. It is further

ORDERED, that upon the Debtor formally amending her Schedules and Statements to claim an exemption in the 93 units of Nuveen Trust pursuant to South Carolina Code Ann. § 15–41–30(11)(C) within ten (10) days of the date of the entry of this Order, the Trustee's objection to the allowance of the Debtor's claimed exemptions in the 93 units of the Nuveen Trust is overruled. It is further

ORDERED, that the Trustee's Objection to the allowance of the Debtor's claimed exemptions in the Jefferson Pilot IRA, pursuant to South Carolina Code Ann. § 15–41–30(10)(E), is sustained.

AND IT IS SO ORDERED.

the AT & T Stock or the Jefferson Pilot IRA in this case.

14. The objecting party has burden of proving that the exemptions are not properly claimed. *In re Shaffer,* 78 B.R. 783 (Bankr.D.S.C.1987).